STATE OF DELAWARE v. FRANKLIN LEE MINOR and HANS HELMUT VORHAUER.

(*January* 12, 1962.)

CHRISTIE, J., sitting.

*Charles L. Paruszewski,* Deputy Attorney-General, for the State of Delaware.

*Henry A. Wise, Jr.,* for defendant, Hans Helmut Vorhauer.

*James A. Walsh* for defendant, Franklin Lee Minor.

Superior Court for New Castle County, No. 521, Cr. A., 1961.

CHRISTIE, J.:

Defendants are charged with burglary. Under Criminal Rule 16 one of the defendants, Vorhauer, seeks an opportunity to hear tape recordings which police made of statements of the co-defendant, Minor. The State is willing to produce only the written record of such of the tapes as it saw fit to have transcribed. The State admits that other tapes exist.

Superior Court Criminal Rule 16, *Del. C. Ann.* reads as follows:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the Attorney General to permit the defendant to inspect and copy or photograph designated books, papers, documents, tangible objects, confessions or written statements obtained from or belonging to the defendant or a co-defendant or obtained from others by seizure or by process upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies and photographs and may prescribe such terms and conditions as are just."

The Rule is in the same general form as Federal Criminal Rule 16, 18 *U. S. C. A.* But the Federal Rule 16 does not specifically provide for the inspection of "confessions or written statements" and it makes no specific reference to "co-defendants". It is obvious that the Delaware Rule provides for much broader discovery than its Federal counterpart.

I find that Criminal Rule 16 applies to recorded confessions or statements no matter how they are recorded. The

Rule clearly contemplates that a defendant may be allowed to inspect his own confessions and statements and those of the co-defendant when such inspection is material to the defense and reasonable. Since statements may be inspected when they are recorded on paper the same material may be made available when recorded on tape.

The State argues, however, that even if the Court may in its discretion permit discovery here sought, such discretion should not be so exercised in this case.

The State suggests that this type of discovery would permit a defendant to fabricate a defense which is consistent with the co-defendant's statements.

The Rule is obviously designed to permit the defendant to prepare his defense and to avoid surprises.

All pre-trial discovery carries with it the possibility of misuse of the information obtained. Such discovery is permitted because the advantages of reasonable and limited pre-trial discovery in the administration of justice are deemed to outweigh the possibilities of abuse.

I am of the opinion that the discretion which the Judge may exercise under Rule 16 should be exercised to permit discovery as to the items listed in the Rule in the interests of justice when the requirements of the Rule are met unless special circumstances exist. There is no contention by the State in this case that the tape recordings contain scandalous or impertinent matter or that the disclosure of the contents thereof would hamper orderly police procedures or investigations of other crimes. The tapes are not part of a general investigation of crime. If such special circumstances were present, we would have a very different case.

This Court has ruled that a defendant is not entitled to pre-trial discovery as to many items. *State v. Thompson*, 11 *Terry* 456, 134 *A.* 2d 266 (Superior Ct. 1957); *State v. Hutch-*

*ins*, 1 *Storey* 100, 138 *A*. 2d 342 (Superior Ct. 1957). Those cases dealt with the results of police investigations not covered by Rule 16. Here we are dealing with statements to which Rule 16 specifically applies.

To the extent that the discovery here sought might inconvenience the State in its prosecution of this particular case, such inconvenience is inherent in the Rule. When this is the only argument made against the discovery, an unreasonable prejudice to the State's case would have to be shown before the discovery would be denied.

In this case the indicated interpretation of Rule 16 is supported by practical considerations. At the trial if Minor testifies, defendant Vorhauer would probably have a right to access to all pertinent statements in the possession of the police made by his co-defendant. Under some circumstances the State would also have a right to use such statements. If either side seeks to use the statements and there had been no pre-trial discovery under Rule 16, a long delay might take place during the trial while the tapes were played out of the presence of the jury. A further delay might take place if portions of the tapes were deemed admissible and other portions inadmissible. Many other possibilities of delay and inconvenience come to mind if such tapes are heard for the first time at trial.

There is unreported precedent for a pre-trial audition of tapes in this Court.

For the reasons stated, defendant Vorhauer's motion is granted