THE STATE OF DELAWARE v. THOMAS H. WINSETT, WILBERT A. WEEKLEY, and EDWARD J. MAYERHOFER.

(*April* 28, 1964.)

DUFFY, P. J., sitting.

*Peter Warren Green* and *G. Francis Autman*, Deputies Attorney General, for the State.

*H. James Conaway, Jr.,* for Thomas H. Winsett; *C. W. Berl, Jr.,* for Wilbert A. Weekley; and *Arthur J. Sullivan* for Edward J. Mayerhofer.

Superior Court for New Castle County, Nos. 1099-1103, Criminal Actions, 1963.

DUFFY, President Judge.

Thomas H. Winsett, Wilbert A. Weekley, and Edward J. Mayerhofer were indicted for murder in the first degree, a capital offense, and for various other crimes. Specifically, they are charged with murdering Robert A. Paris, a police officer of the State of Delaware, with express malice aforethought by shooting with a shotgun.

All defendants moved under Criminal Rule 16, *Del. C.*, for production of the following:

1. The automobile in which they were located at the time of the death of Robert A. Paris;

2. The weapon possessed by the decedent at the time of his death;

3. The weapon which allegedly caused the death;

4. The weapon in the possession of Trooper Robert J. Forenski, a fellow officer who was with Trooper Paris at the time of his death;

5. The autopsy report of the death.
The State opposed production of all items.

After briefing and oral argument I granted the motion as to Items 1 and 3 because both the car and the alleged death weapon were tangible objects apparently obtained from or belonging to the defendants, or one of them, and were clearly material to the defense. Since the requests were reasonable, they came within the specific language of the Rule. Cr.Rule 16.

I denied the motion as to Items 2, 4 and 5. In denying production, I followed a prior opinion of this Court which I considered to be a pertinent precedent construing Rule 16, *State v. Thompson,* 11 Terry 456, 134 A.2d 266 (1957). Since making the ruling, I have further studied Thompson and various other cases.

Thompson represents the views of three judges of this Court, and it was later specifically approved by the Delaware Supreme Court. *Wisniewski v. State*, 1 Storey 84, 138 A.2d 333 (1957). The opinion is clearly entitled to the most careful consideration as to its application to the present case. If the production motion falls within the Thompson ruling, I shall follow it.

In Thompson the defendants sought pre-trial disclosure of "(1) statements of prospective witnesses, written or otherwise recorded, now in the possession of the Attorney General, and (2) police reports made in the course of their criminal investigations." One of the defendants also sought "pre-trial inspection of the results of polygraph tests, blood tests and fingerprint examinations now in the possession of the Attorney General."

Much of the opinion is directed to a discussion of *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, which had recently been decided by the United States Supreme Court. The Court held that under Rule 16, even after Jencks, the defendants were not entitled to pretrial discovery of statements given by prospective witnesses. This much is clear. But there is little discussion of that part of the motion which sought discovery of police reports, polygraph and blood tests, and fingerprint examinations. It is, however, quite plain from the opinion that the defendants were denied pretrial access to them. The case therefore stands for two propositions:

1. Pretrial discovery by a defendant in a criminal case is limited to matters which are discoverable under Rule 16; and

2. Under Rule 16 the following items are not discoverable: written or other recorded statements of pro-

spective witnesses, police reports, and the results of polygraph tests, blood tests, and fingerprint examinations.

I turn now to defendants' motion in this case. Rule 16 provides as follows:

"Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the Attorney General to permit the defendant to inspect and copy or photograph designated books, papers, documents, tangible objects, *confessions or written statements* obtained from or belonging to the defendant or a co-defendant or obtained from others by seizure or by process upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies and photographs and may prescribe such terms and conditions as are just."[1]

■ ■ Defendants seek to require the State to produce the autopsy report of death. While that report may be a public record under 29 *Del. C.* § 4711, the application here is for production by the Attorney General. And, as I have already indicated, Thompson requires that any order upon the Attorney General to produce must find its authority in Rule 16. In that rule I do not find authority for the production of the autopsy report, nor do I find any language from which such authority could reasonably be inferred. On the contrary, the autopsy report seems to fall within the non-discoverable area defined in Thompson because, analytically, the report is probably the statement of a prospective witness. In any event, I remain of the opinion that the Court should not order the Attorney

---

[1]This rule is precisely the same as Federal Criminal Rule 16 except that the italicized words have been added to the Superior Court Rule.

General to produce it.

As to Items 2 and 4, the motion asks for production of the weapon which Trooper Paris possessed at the time of his death and the weapon which Trooper Forenski had at that time. (In each case shells and spent shells for each weapon are also sought.) These are "tangible objects", obtained from others by the Attorney General, so this part of the Rule is satisfied. But were these weapons and the shells obtained by "seizure" within the meaning of the Rule? In my earlier ruling I held that Thompson excluded from discovery the fruits of all detection and collections by the police, leaving for discovery only those items secured by process or legal seizure. I am now convinced that this reads too much into that case.

The results of polygraph tests, blood tests, and fingerprint examinations, all excluded by Thompson, are developed factually by the police as investigators. This is to say that they are obtained by the police *qua* police in their investigation of crime. This kind of information, in its broadest sense, arises out of the analytical or investigative phase of police effort. It is the work product of detection, at least as distinguished from the mere gathering or collection of tangibles which could be done by anyone physically present at a given time and place. It is this which distinguishes Thompson. Here defendants seeks to discover tangible objects which came into possession of the police during examination of persons, places or things. These, as I have already indicated, are distinguishable from intangible information which comes into possession of the police as a result of analysis, comparison, detection and the like. For this reason I think Thompson is not a precedent as to Items 2 and 4 and that I am free to decide this aspect of the motion in accordance with my own understanding of Rule 16 and its purposes.

■   The key question is what is meant when the Rule speaks of tangible objects obtained from others by "seizure". The judicial writings upon this narrow question are very limited. Absent any authoritative guide, I conclude that the Court should follow the guide suggested by the Advisory Committee on the Federal Rules, from which our Rule is copied. The Committee's note to Rule 16 states, 18 U.S.C.A., p. 353, that the Rule

"permits the procedure to be invoked in cases of objects and documents obtained from others by seizure or by process, on the theory that such evidential matter would probably have been accessible to the defendant if it had not previously been seized by the prosecution."

It thus appears that the draftsmen of the Federal rule used "seizure" in its dictionary meaning and not in a technical or legal sense. And, by the dictionary, "seizure" simply means to take possession of, or to take into physical custody or control.[2]

■   I therefore conclude that under Rule 16 tangible objects have been obtained by seizure within the meaning of the Rule if they are in the possession of the Attorney General. To rule otherwise would lead to strange and strained distinctions. For example, at least one Federal Court has held that tangible objects in the possession of the prosecution were not subject to production because they had been given voluntarily to the Government, and hence had not been "seized".[3] A technical dis-

---

[2] In *United States v. Jannuzzio*, 22 F.R.D. 223 (D.Del.1958), Judge Steel noted that Rule 16 deals with documents and other materials that are "in the possession of" the Government.

I should note that the Superior Court Rule 16 is broader than the Federal Rule. Compare Judge Steel's opinion in Jannuzzio with the opinion of Judge Christie in *State v. Minor*, 177 A.2d 215 (Del.Super.Ct. 1962).

[3] *United States v. Hanlin*, 29 F.R.D. 481 (W.D.Mo.1962).

tinction of this sort seems inconsistent with the approach of the drafters of the Rule, 18 U.S.C.A., p. 353, supra, and is inconsistent with the entire trend of the law in the area of criminal discovery which is to broaden rather than to narrow the areas of pretrial inquiry.

Thus the discovery here sought by defendants would probably have been granted in its entirety several years ago in California, the pioneer in the field. See the discussion in 49 Calif.L.Rev. 56, 77.[4]

While California is the leader, the trend toward more liberal procedure in pretrial matters is widespread; it has been said, for example, that most jurisdictions will now allow inspection of tangible or physical evidence. 66 Dick.L.Rev. 379. And under the proposed change to Federal Rule 16, as suggested by the Advisory Committee on Criminal Rules to the Judicial Conference of the United States, discovery is no longer limited to items obtained from the defendant or others by seizure or process. The defendant may be permitted to discover any tangible objects "which are within the possession, custody or control of the government." This was recommended in the first draft of proposed amendments, 31 F.R.D. 675, and is continued in the Advisory Committee's most recent draft, 226 F.Supp. 12 (April 6, 1964). See the full discussion of this and the related problems in 33 F.R.D. 55.[5]

---

[4]The Supreme Court of California has also recently held that the State is entitled to certain pretrial discovery. *Jones v. Superior Court of Nevada County*, 58 Cal.2d 56, 22 Cal.Rptr. 879, 372 P.2d 919. See the perceptive discussion of the case in 8 Vill.L.Rev. 110.

[5]Failure of the State to produce evidence on request can violate Federal Constitutional rights. In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, the Supreme Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution". See the discussion of this ruling in 34 F.R.D. 87.

█ As to materially, it appears that a number of weapons were present at the scene, and since the defendants are charged with murder by shooting the deceased with a shotgun I conclude that examination of the weapons in question may be material to the preparation of the defense and that, considering the record as a whole, this request is reasonable.

The order heretofore entered denying defendants' motion as to production of the weapon possessed by the decedent at the time of his death and the weapon in the possession of Trooper Robert J. Forenski will be amended to provide that the Attorney General will be obliged to produce these items for inspection.