**UNITED STATES of America**

v.

**LOUIS CARREAU, INC. and Louis Carreau, Sr., Defendants.**

No. 67 Cr. 200.

United States District Court
S. D. New York.

June 30, 1967.

---

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York for the United States by Jack Kaplan, Asst. U. S. Atty., New York City.

Gellman & Gellman, New York City, for defendants.

MANSFIELD, District Judge.

This is a motion by the defendants, against whom an 11-count Information has been filed charging them with failure to file Federal quarterly tax returns from April 1961 through October 1963 in violation of Title 26 U.S.C. § 7203, for a bill of particulars pursuant to Rule 7(f), F.R.Crim.P. and discovery pursuant to Rule 16(a), F.R.Crim.P.

The motion for a bill of particulars demands from the Government "the theory upon which it intends to proceed in the prosecution of the case" and "a statement showing in what manner the government claims the defendants wilfully did fail to make and file employer's quarterly federal tax returns as charged in the Information." The terms "theory" and "manner" are at best vague and indefinite, and the moving papers fail to define what they are intended to mean in this context. If the defendants seek the Government's legal theory or its contentions as to the meaning and applicability of legal principles, they misconceive the function of a bill of particulars, which cannot properly be used for such a purpose. United States v. Tucker, 262 F.Supp. 305 (S.D.N.Y. 1966); United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y.1950), affd., 195 F. 2d 583 (2d Cir.), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687 (1952). Although Rule 7(f) was amended in 1966 with a view to encouraging a more liberal attitude towards bills of particulars, the function of a bill of particulars is still limited to apprising the defendant of the charges or claims against him so that he can prepare his defense, avoid surprise at trial, and protect himself against the possibility of a second prosecution for the same offense. United States v. Lebron, 222 F.2d 531 (2d Cir. 1955), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Klein, 124 F.Supp. 476 (S.D.N.Y.1954), affd., 247 F.2d 908 (2d Cir. 1957), cert. denied, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958). Bills of particulars may not be utilized for the purpose of compelling the Government to disclose its evidence, its theory or its witnesses. United States v. Lebron, supra; United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962); United States v. Rosenberg, supra. The motion for particulars must therefore be denied for the reason that it appears on its face to demand the Government's legal theories and evidentiary details.

Defendants' Rule 16(a) motion seeks (1) all statements and confessions furnished by the defendants to the Internal Revenue Service or agents of the Government, including transcripts of Internal Revenue Service interrogations and memoranda (presumably made by Government agents with respect to such matters); (2) copies of statements furnished to the Government by the bookkeeper employed by the defendants; and (3) all books, records, documents and other objects seized by the Government from the defendants or third parties.

Defendants offer no reasons for production and inspection of copies of their own statements to the Government other than their contention that Rule 16(a) entitles them as a matter of right to such inspection. Rule 16(a) itself, however, provides that "upon motion of a defendant the court *may* order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant * * * statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government. * * *" (Emphasis supplied) Although the use of the word "may" indicates that discretionary power was intended to be vested in the court, defendants urge that the only prerequisite should be a request, in response to which the Government should automatically be required by the court to produce the statements or confessions for inspection unless it can show good reasons why they should not be produced. See Resneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276–78; Everett, Discovery in Criminal Cases—In Search of a Standard, 1964 Duke L.J. 477, 502; United States v. Federman, 41 F.R.D. 339 (S.D.N.Y.1967); State v. Minor, 4 Storey 385, 54 Del. 385, 177 A.2d 215 (Del.Super.Ct.1962). It is

urged that a defendant's statements should be routinely produced on request for the reason that they are evidentiary in nature and would be most persuasive evidence against him insofar as they contain admissions. It is also argued that if the drafters of Rule 16(a) had intended to impose upon the defendant the burden of showing good reasons for inspection, Rule 16(a) itself would be superfluous, since the court already is vested with the discretionary power under Rule 16(b) to permit inspection by the defendant upon a "showing of materiality to preparation of his defense" and reasonableness.

The answer is that if the drafters had intended to require such statements to be produced automatically upon the defendant's mere request, they would have used the word "shall" instead of "may" in Rule 16(a), and relied upon Rule 16(e) to authorize the court to deny or defer disclosure upon the Government's making (as 16(e) specifies) a "sufficient showing" of reasons for not making such disclosure.

Review of the Notes of the Advisory Committee on the Criminal Rules does not clarify the picture. If anything the Notes indicate that the Advisory Committee was apparently looking both ways on the issue of pretrial inspection and that Rule 16(a) may well have emerged as a compromise. Although the Notes cite some state statutes, court rules and decisions requiring production of a defendant's statements or confessions upon request (e. g., State v. Minor, supra; Ill.Stat. ch. 38, § 729 (now § 114–10)), most of the authorities cited by the Committee point in the direction of requiring the defendant to show facts indicating that inspection is necessary to a fair trial and that it is not asked for merely as part of an exploratory fishing expedition, e. g., Md. Rules Proc. 728; State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962); Cash v. Superior Court, 53 Cal. 2d 72, 346 P.2d 407 (1959); People v. Johnson, 356 Mich. 619, 97 N.W.2d 739 (1959); People v. Stokes, 24 Misc.2d 755, 204 N.Y.S.2d 827 (Ct.Gen.Sess. 1960). It is significant that in Cicenia v. La Gay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958), cited by the Advisory Committee, the Supreme Court refused to reverse a New Jersey murder conviction on the ground that the defendant had not been afforded an opportunity to inspect his confession. Although Justice Harlan stated in Cicenia that it "may be" the better practice for the prosecution to comply with a request for inspection, the Court concluded that the matter rested in the sound discretion of the trial judge and did not attempt to establish standards to be observed in the exercise of such discretion. In People v. Johnson, supra, however, also cited by the Committee, the Michigan Supreme Court indicated the balance of considerations that must influence the exercise of such discretion, as follows:

> We believe * * * that petitioner for such an order bears the burden of showing the trial court facts indicating that inspection of the confession is necessary to preparation of his defense and in the interest of a fair trial [citation] and not simply part of a fishing expedition [citation]. On such a showing the petition should be granted absent a more compelling showing by the people of facts tending to prove that such an order would unfairly hamper the prosecution or do a disservice to the public interest."

After reviewing the evolution of Rule 16(a) and the authorities on the subject, including those cited in the Notes of the Advisory Committee, we do not believe that because Rule 16(b), standing alone, permits the court to authorize disclosure of a defendant's statement upon a showing of materiality and reasonableness, a defendant is therefore relieved of showing good cause or valid reasons for the court's exercise of its discretionary power under Rule 16(a). Rule 16(b) is limited to production of statements for

trial preparation. Rule 16(a) contains no such limitation. It is apparent that Rule 16(a) was intended to authorize the court to exercise its discretion under circumstances not contemplated in Rule 16 (b). Such circumstances would exist, for instance, where a defendant desired his earlier statement (particularly if it was recorded verbatim) for the purpose of supporting his pretrial motion to suppress it on the ground that it was taken in violation of his Fifth or Sixth Amendment rights, or in order to support a defense of insanity or a motion (pursuant to 18 U.S.C. § 4244) for postponement of trial on the ground that the defendant was incompetent to stand trial or assist his counsel. People v. Stokes, supra; see Kaufman, Criminal Discovery and Inspection of Defendant's Own Statements, 57 Colum.L.Rev. 1113, 1120–21 (1957). In none of these instances is the statement required for, or material to, the trial of the case itself. Yet the court, upon a proper showing, is authorized by Rule 16(a) (but not by Rule 16(b)) to require disclosure of the statement upon such grounds.

■ We are persuaded to the view that Rule 16(a), when read in light of the balance of the complete text of the rule and the available Notes of the Advisory Committee and authorities cited by it, was intended to grant broad authority to the district court, in the exercise of its discretion, to permit a defendant to inspect his prior statements upon a showing that such disclosure would be in the interest of justice under the circumstances of a particular case; but that such disclosure should not be granted routinely upon the defendant's request.

■ This leads to the question of what standards should be observed by the court in deciding what constitutes proper grounds for ordering such disclosure to a defendant. We believe that in most cases a defendant is not prejudiced, and a fair trial is not precluded, by providing that absent a showing of good cause the Government should not be required to disclose such statements in advance of trial unless the statements are to be offered by it at trial, in which event it should make the statement available within a reasonable period prior to trial. If the defendant's prior statement is not to be introduced by the Government at trial, it is difficult to see how the failure to furnish the defendant with a copy of the statement at an earlier point would deny him a fair trial. The most that could be claimed by the defendant, in the absence of special circumstances showing prejudice, is that he was deterred from taking the witness stand because he feared that cross-examination might reveal earlier contradictions or inconsistencies impeaching his credibility. In that event, however, he would still have the opportunity in his own direct testimony to anticipate such cross-examination by bringing out the fact that he had made a prior statement, that the statement may have contained inconsistencies, that his present testimony is his best recollection of the facts, and that if his prior statement does contain inconsistencies, he is prepared to explain them. If the Government then used his prior statement upon cross-examination, the defendant should be afforded an opportunity by the trial judge to study the statement and to explain any inconsistent material found in it. In the last analysis the jury, with all of the proof before it, would then be fully equipped to appraise the credibility of the proof, including the testimony of the defendant if he chose to take the stand.

If, in contrast to the foregoing procedure, the Government were required upon request routinely to furnish the defendant's prior statement to him in advance of trial, the jury's all-important quest for the truth would in many cases be threatened by the prospect of the defendant's tailoring his trial testimony to suit his prior statement rather than giving his honest recollection of the facts. The prospect of a jail sentence

and deprivation of his liberty, if found guilty, provides a strong motive to lie. It is naive and wishful thinking to suppose that a defendant who is furnished before trial with his own prior statement will not frequently yield to temptation either to change or mould his trial testimony to the extent necessary to reconcile it with the prior version, or patiently concoct plausible reasons calculated to explain away inconsistencies, rather than adhere to his oath as a witness to tell the truth.

The argument that a defendant in a criminal case should be accorded the same liberal discovery rights to which he would be entitled in civil litigation under the Federal Rules of Civil Procedure overlooks the sharp differences between the rights and positions of the parties in each type of proceeding. Unlike the civil plaintiff, who is required to establish his claim only by a fair preponderance of the evidence, the Government must prove the guilt of the defendant beyond a reasonable doubt to the satisfaction of each one of 12 jurors. Furthermore, the defendant in the criminal case, unlike the civil defendant, is entitled to a presumption of innocence until the Government has sustained its heavy burden and the court must so charge. Since the objective of most civil litigation is an award of damages or of relief with respect to property, there is less motivation to lie on the part of the civil defendant than on the part of a defendant in a criminal case who faces loss of personal liberty or even his life.

It is also significant that the danger of perjury in a civil case can be forestalled, if not eliminated, by the plaintiff's using pretrial discovery to freeze the civil defendant's story and preclude him from effectively changing it at trial. The importance attached by the parties to this process as a means of thwarting perjury can be gathered from the frequency and bitterness with which priority in the taking of depositions is the subject of pretrial skirmishes in civil cases. E. g., Prodear, S. A. v. Robin Int'l Cinerama Corp., 32 F.R.D. 434 (S.D.N.Y.1963); Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., 11 F.R.D. 156 (S.D.N.Y.1951); see Comment, New York and Federal Pre-Trial Disclosure Procedures—A Comparison, 39 Cornell L.Q. 692, 702–04 (1954); Civil Rule 4 Southern District of New York. No such mutual crystallization of testimony is possible in a criminal prosecution. With rare exceptions (e. g., Rule 16(c)), criminal pretrial discovery is essentially a one-way street in which the defendant, in reliance on his Fifth Amendment rights, may refuse to take the stand at all or at least defer doing so until the Government has presented its entire case against him. Thus the advantage to the Government in having at its disposal a full panoply of pretrial investigative procedures appears to us to be offset by the heavy burden placed upon it, the duty not to conceal evidence helpful to the defendant, Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the many existing Constitutional and statutory safeguards accorded to the defendant (e. g., the right to obtain a list of the Government's witnesses before trial in capital cases, Title 18 U.S.C. § 3482; the right to have produced any prior statements or testimony of Government witnesses relating to the subject matter as to which the witnesses have testified, Title 18 U.S.C. § 3500; and the right to counsel at the very outset of the accusatory stage, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Miranda v. State of Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). Upon balance, these considerations lend themselves to an appreciation for the wisdom of the remarks of Judge Learned Hand more than 40 years ago in United States v. Garsson, 291 F. 646, 649 (S.D.N.Y. 1923):

"Under our criminal procedure the accused has every advantage. While

the prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense, fairly or foully, I have never been able to see. No doubt grand juries err and indictments are calamities to honest men, but we must work with human beings and we can correct such errors only at too large a price."

With the Government subject to such a heavy burden, and ample measures available to protect the defendant in the course of trial itself, we do not believe that a fair trial requires the Government to furnish the defendant with his prior statements unless the Government proposes to use them as part of its direct case. But see Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth, 1963 Wash.U.L.Q. 279.

It is ingenuous to suggest that the risk of a defendant's "tailoring" his trial testimony to suit his earlier statements is minimal for the reason that defendant's attorney can be relied upon to protect against fabrication on the part of the defendant. His attorney is rarely a witness to the events in issue. The attorney enters the picture long after the facts occurred, usually after the defendant's arrest. While the attorney may, in the sanctity of his own office, then cross-examine his client closely, in the last analysis he has little alternative but to leave to the jury the issue of credibility of his client's latest story.

■■■ Where the Government proposes to offer the defendant's statement as part of its case in chief at trial, it should permit inspection within a reasonable period prior to trial in order to enable the defendant to prepare such ob-

jections as may be advanced in support of its suppression or irrelevancy, as well as to marshal proof corroborating it or explaining any incriminating statements contained in it. What constitutes a reasonable time will depend on the nature of the charge, the length of the statement, and the issues its introduction will raise. In a simple one-count theft case involving a one-page statement, a fair trial would be assured if the statement were furnished at the outset of trial, whereas in a complicated multi-count mail or securities fraud prosecution involving a complicated statement, a longer period would be required. But in either case if the Government did not propose to offer the statement as part of its proof in chief, no production should be required, absent a showing of cause of the type noted above (e. g., a claim that the statement is relevant to an insanity defense or to a motion to suppress), unless and until the defendant takes the stand and the Government uses the statement for purposes of cross-examining him.

■■■ For the foregoing reasons defendants' motion for inspection of their statements, confession or transcripts of interrogations are denied, subject to the condition that if the Government proposes to use any statement as part of its direct case at trial it shall permit inspection of such statements within a reasonable time prior to commencement of trial.

The term "statement" as used in this opinion includes not only writings signed by a defendant, but also recordings or transcripts of statements or interrogations of the defendant whether in the form of notes or mechanical reproductions, provided the medium used purports to set forth, either verbatim or in substance, utterances of the defendant made at or after the time of his arrest.

■■■ Defendants' demand for a copy of the statements furnished to the Gov-

ernment by the bookkeeper employed by the defendants is denied for the reason that it would not constitute a statement of a defendant producible under Rule 16 (a), F.R.Crim.P., and the defendants have failed to make any showing that it is material to the preparation of their defense, as required by Rule 16(b).

The defendants' motion for production of books, records, documents or other objects seized by the Government from them or third parties is denied for the reason that the defendants again fail to make any showing of materiality to the preparation of their defense. Assuming that the Government has possession of documents belonging to the defendants, the test for disclosure under Rule 16 as recently amended is not one of proprietary interest, but of materiality to the defense. In any event the demand must be denied for the additional reason that it is not "reasonable" under Rule 16(b), since it represents a blanket request without showing with any particularity the nature of the documents and materials and their relevancy to the defense. United States v. Binstock, 37 F.R.D. 13 (S.D.N.Y.1965); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961); United States v. Borgese, 235 F.Supp. 286 (S.D.N.Y. 1964).

To the extent that the motion seeks internal memoranda of the Internal Revenue Service with respect to any statements of the defendants, the motion must be denied for the additional reason that Rule 16(a) is inapplicable. Such internal Government memoranda have repeatedly been protected against disclosure. United States v. Federman, 41 F.R.D. 339 (S.D.N.Y.1967). Cf. United States v. Aviles, 337 F.2d 552 (2d Cir. 1964), cert. denied, Gigante v. United States, 380 U.S. 906, 85 S.Ct. 885, 13 L.Ed.2d 794 (1965).

The motion is denied.

So ordered.