**UNITED STATES**

v.

**Herbert KAMINSKY and Rocco Casella, Defendants.**

**No. 67 Cr. 579.**

United States District Court
S. D. New York.

Nov. 6, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by Douglas S. Lieshafsky, Asst. U. S. Atty., for the United States.

Abraham Brodsky, New York City, for defendant, Kaminsky.

Jay Goldberg, New York City, for defendant, Casella.

## OPINION

TYLER, District Judge.

This indictment charges in four substantive counts that defendants possessed and pledged stolen bonds in violation of 18 U.S.C. § 2315. The indictment also charges the defendants with conspiracy to commit the described substantive offenses. Defendants have now moved: (1) to dismiss the indictment because of alleged undue delay in its filing, thereby depriving defendants of their Fifth Amendment rights to due process of law;

(2) for discovery and inspection pursuant to Rule 16, F.R.Cr.P.; and (3) for a bill of particulars pursuant to Rule 7, F.R.Cr.P.

For reasons to be discussed briefly hereinafter, defendants' motion to dismiss the indictment is denied upon conditions. Their motions for discovery and for particulars are granted in part and denied in part.

## THE MOTION TO DISMISS

In essence, the indictment charges criminal conduct commencing in late August and ending in the middle of October, 1964. The indictment, however, was not returned by a grand jury sitting in this district until June 1967. There is no question but that the indictment was filed within the applicable statute of limitations. Consequently, defendants' motion to suppress is based upon the time sequence heretofore set forth and distressingly conclusory allegations of prejudice submitted by counsel in affidavits in support of this motion. Defendants have not come close to demonstrating a deliberate, unnecessary and oppressive delay on the part of the government. More important, the government has come forward with facts indicating persuasive reasons why the delay was necessary and proper. Under all the circumstances, I would be constrained to deny this motion to dismiss out of hand, see United States v. Feinberg, 383 F.2d 60 (2d Cir. 1967); United States v. Sanchez, 361 F.2d 824 (2d Cir. 1966), but for the prosecution's fair suggestion that in accordance with the procedural suggestion advanced by the Court of Appeals in *Feinberg,* this motion should be denied without prejudice to possible renewal at the trial. In view of the nature of the charges here involved and the explanation of the Assistant United States Attorney concerning the reasons for delay between August, 1964 and June, 1967, it is unlikely that defendants will be able to show that their rights in any way were prejudiced as they so generally claim. Nevertheless, I adopt the government's fair suggestion and

deny this motion without prejudice to its renewal by defendants at trial.

## BILL OF PARTICULARS

■ As is all too frequently the case, defendants have made demands for particulars far exceeding any reasonable construction of Rule 7(f), F.R.Cr.P. The major vice of most of defendants' demands is that they seek inspection of virtually all of the government evidence prior to trial. Consequently, I am constrained to agree with the government that the only particulars that should be furnished here are those set forth in items 5a, 5g, 5h, 5i and 5j of defendants' motion papers. In all other respects, the demands for particulars are denied. See United States v. Lebron, 222 F.2d 531 (2d Cir. 1955), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962).

## DISCOVERY AND INSPECTION

Defendants' demands for discovery and inspection are based largely upon the fallacious assumption that Rule 16, F.R.Cr. P., as recently amended compels "automatic" disclosure of all statements, notes and all utterances, not only of the defendants themselves but of at least some witnesses whom the government might intend to use at trial. The difficult search for reasonable standards for application of amended Rule 16, see, e.g., United States v. Louis Carreau, Inc., 42 F.R.D. 408, 411 (S.D.N.Y.1967), is not aided by blanket requests supported, as here, only by bland and imprecise assertions of constitutional principles.

To illustrate, the heart of the defendants' application, based upon Rule 16(a), is expressed in the following language of their notice of motion wherein they ask inspection of "any and all purported confessions, admissions or statements made by the defendants to whomever made, in the possession of the Government, whether such confessions, admissions or statements were recorded stenographically, reduced to writing by the person taking such statements, recorded by means of mechanical, electrical, electronic transcription, or whatever means; whether surreptitiously recorded or not." Parenthetically, it might be noted that no especial reason is given by defendants to support this demand except the aforementioned passage of time prior to the filing of the indictment.

■■ I accept and adopt the reasoning of Judge Mansfield of this court in United States v. Louis Carreau, Inc., *supra* wherein he points out that Rule 16(a) clearly vests the district judge with discretion—i. e., defendants may not obtain their statements simply on the strength of a demand without more. 42 F.R.D. at 413. In this case, I find that there were no statements in the usual sense of verbatim statements, executed or unexecuted, by the defendants in question. It appears, however, that one or both of the defendants were interviewed by FBI agents during the course of the investigation and also by an Assistant United States Attorney or Attorneys. There are no tangible "results" of such interviews except, perhaps, cryptic lawyers' notes and standard FBI reports including summaries of some of defendants' oral utterances in the course of interviews. Accordingly, the motion insofar as it is based upon Rule 16(a) is denied except to the extent that the government will be required to produce at least one week before trial any agents' interview reports in the event that it intends to offer evidence as to the substance of any of these interviews on its case. United States v. Louis Carreau, Inc., *supra* at 415. Production now of any cryptic or "foolscap" notes by government attorneys is denied; possible disclosure of such material must await the events at trial. 18 U.S.C. § 3500.

■ Those portions of defendants' motion based upon Rule 16(b) can be disposed of quickly. For example, defense counsel transpose the government's duty to disclose at trial any material which might exculpate defendants, Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), into an obligation to furnish long before trial all

kinds of information which some lawyer might conceivably interpret as exculpatory evidence or leads to such evidence. Nothing in Brady v. State of Maryland requires such an unworkable procedure. See United States v. Manhattan Brush Co., 38 F.R.D. 4 (S.D.N.Y.1965). If it be argued that the decision in this court in United States v. Gleason, 265 F.Supp. 880 (S.D.N.Y.1966), requires a different result, I expressly decline to apply the reasoning of that case to the facts of this case. Defendants also seem to be requiring a pre-trial disclosure of whether or not any electronic devices, recording devices or "bugs" were used, either directly or indirectly, in casting up the government's evidence. I know of no authority which permits or requires such discovery under Rule 16, particularly where, as here, the defendants have made no showing whatsoever that there is any likelihood that such devices were used in the investigation and preparation of this case. See generally, United States v. Pardo-Bolland, 229 F.Supp. 473, 475 (S.D.N.Y.1964), aff'd, 348 F.2d 316 (2d Cir.), cert. denied, 382 U.S. 944, 86 S.Ct. 388, 15 L.Ed.2d 353 (1965).

■ Certain demands and requests of defendants under Rule 16(b), however, should be granted in the exercise of discretion grounded upon the circumstances of this case:

1. As the prosecution concedes, the defendants certainly should be permitted to inspect all of the bonds which are the subject of this indictment.

2. Similarly, the defendants are entitled to see copies of fingerprints of defendants that the prosecution alleges appear on some of the bonds. In this connection, I would think it also fair and reasonable that the defendants be shown the fingerprint reports or analyses of any experts who have studied the prints and rendered opinions thereon.

In all other respects, defendants' applications under Rule 16, F.R.Cr.P. are denied.

## CONCLUSION

Defendants' various motions are disposed of as hereinbefore indicated. It is so ordered.