**UNITED STATES of America**

v.

**Herbert C. FEDERMAN and Hyman Zipes, Defendants.**

**No. 64 Cr. 1058.**

United States District Court
S. D. New York.

Jan. 17, 1967.

Robert M. Morgenthau, U. S. Atty., New York City, for United States, Pierre N. Leval, Asst. U. S. Atty., of counsel.

Louis Bender, New York City, for defendant, Federman.

## OPINION

COOPER, District Judge.

Pursuant to Rule 16, F.R.Crim.P., defendant moves for discovery of all written or recorded statements or confessions made by him now possessed by the Government. Motion denied in part and granted in part.

The Government contends that defendant's delay in making this motion renders it untimely. However, the vital matter here sought, and the fact that the Government has not asserted any prejudice resulting from the delay, prompts us to consider on the merits defendant's request for relief.

Rule 16(a) authorizes the Court to permit discovery by defendant of his "written or recorded statements or confessions." The Government, however, contends that discovery under 16(a) is addressed to the sound discretion of the Court. It urges that where, as here, no reason has been put forward by the defendant as to his need for the documents requested, the Court in its discretion should disallow the request.

Although we agree that the right to discovery under 16(a) is discretionary, we do not believe that the defendant must show cause in order to obtain discovery of his written or recorded statements or confessions. Where, as in Rule 16(b), the drafters sought to impose a prerequisite of cause, they did so ex-

plicitly. Moreover the Advisory Committee's Note to Rule 16(a) states in effect that a defendant is not required to designate the statement he seeks because he may be unaware either that it was recorded or is in existence.

■ We construe Rule 16(a) as giving defendant almost automatic right to his written or recorded statements or confessions. See Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276, 1277 (1966); State v. Johnson, 28 N.J. 133, 145 A.2d 313 (1958). The discretion Rule 16(a) vests in the court, however, allows the Government to show some special circumstances precluding the release of all or part of the written or recorded statement. See State v. Minor, 4 Storey 385, 177 A.2d 215 (Del.Super. Ct. 1962).

The Court recognizes that the account or narrative which embraces defendant's written or recorded statement or confession may also contain tangential remarks. We deal with that shortly.

■ We are concerned here solely with anything in writing or recorded by, or with the knowledge of, defendant wherein he directly, impliedly or even remotely recited or accounted or mentioned any thing whatsoever having a bearing—no matter how slight—upon the crime charged, regardless of whether its nature may be construed as against his interest or exculpatory or capable of differing interpretations or even saturated with ambiguity. In short, the criterion is the equivalent in writing of what defendant had to say—no matter how he said it—with respect to the crime charged.

■ However, if such aforementioned written or recorded statement or con-fession also contains material which does not come within the confines of the exact measure just prescribed, defendant is not entitled to so much thereof, for it does not relate in any wise to the crime charged and is outside the laudatory purpose of Rule 16(a). Such tangential or "besides the point" matter may be put to good use in the pursuit of truth, including a test of defendant's veracity. Upon a meritorious showing for cause, such tangential material may be made subject to discovery.

■ From the language of defendant's affidavit it appears that defendant requests not only statements or confessions, but any admission by defendant contained in internal government memoranda. Discovery of such reports are beyond the purview of Rule 16. They are not "statements or confessions" within the meaning of 16(a). Cf. Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); United States v. Aviles, 337 F.2d 552 (2d Cir. 1964), cert. denied 380 U.S. 906, 918, 85 S.Ct. 885, 13 L.Ed.2d 794 (1965). The disclosure of internal government documents is specifically precluded by Rule 16(b). See Advisory Committee's Note, Rule 16(b) (2).

Even were 16(b) applicable, defendant has not shown either "materiality" or "reasonableness"—prerequisites to discovery thereunder.

The Government will allow inspection and copying of any written or recorded statement or confession to the extent hereinabove set forth. Discovery of any internal government document is denied.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.