## UNITED STATES

### v.

## IOVINELLI.

## No. 66 CR 415.

United States District Court
N. D. Illinois.
March 21, 1967.

John J. McDonnell, for the United States.

Daniel A. Becco, of Moses, McGarr, Gibbons, Abramson & Fox, Chicago, Ill., for defendant.

Memorandum of Decision

LYNCH, District Judge.

The defendant Iovinelli has been indicted under Title 18 U.S.C. § 201(b) on a charge of improperly influencing a revenue agent.

This court has previously ordered the government to produce any relevant written or recorded statements of the defendant in accordance with Rule 16(a) of the Rules of Criminal Procedure which provides:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * *"

This court subsequently ruled that recordings of conversations wherein the defendant allegedly improperly influenced the revenue agent were within the scope of its order. The government is objecting to this ruling, and contends that the provision in Rule 16(a), providing for the discovery of relevant written and recorded statements of the defendant, applies only to a recorded recital of past occurrences. The government's position is that this provision does not apply to a "concurrent recording of contemporaneous sounds of a normal conversation held in a non-custodial atmosphere outside of the obvious presence of criminal investigators."

The government, in support of this contention, cites the decision of United States v. Sopher, 362 F.2d 523 (7th Circuit, 1966). That case dealt with Section 3500 of Title 18, which specifies the procedure under which statements of government witnesses (other than the defendant) to agents of the government shall be produced.

In the Sopher case, the District Court had refused to direct the production of a tape recording of a conversation in which the defendant had allegedly extorted money from a person bidding on a proposed sewer project. The defendant argued that he was entitled to have the tape recording produced.

The 7th Circuit, in affirming the District Court's denial of the motion for production, stated:

"A § 3500 statement is a recorded recital of past occurrences made by a prospective prosecution witness. From its very nature, necessarily it is made after those events have taken place. * * * But a concurrent tape recording of a conversation between the payer and recipient of an alleged cash bribe is obviously of contemporaneous sounds. The result is a preservation of a conversation just as it was spoken. * * * It is therefore *not a recital of a past occurrence by a prospective witness and is not within the general purview of § 3500.*"

The government has taken the position that the meaning of the word "statements" in paragraph 16(a) of the Rules of Criminal Procedure is the same as the meaning of the word "statements" in § 3500. The government reasons that the word "statements" in paragraph (a) of Rule 16 is identical with the meaning of the word "statements" in paragraph (b) of Rule 16 which provides that "* * * this rule does not authorize the discovery or inspection of * * * statements made by government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500."

The Sopher case is not dispositive of the issue before this Court. The case holds there is no absolute right to production under Section 3500 of the type of recording which is at issue here. To the extent that Section 3500 gives a right to the production of the statements of government witnesses after they have testified, the word "statements" is expressly defined as written statements or a recording of a "substantially verbatim recital of an oral statement." This definition precludes a recording of contem-

poraneous sounds of a normal conversation.

■ But "statements" as used in paragraph (a) of Rule 16, is not so limited because the word is not defined. The mere fact that paragraph (b) of Rule 16 refers to Section 3500 statements, insofar as that section prohibits pre-trial discovery, does not mean, in the Court's opinion, that the word "statements" in paragraph (a) of Rule 16, which grants discovery, is limited to statements which are a recital of past occurrences. (Obviously, the prohibition in Section 3500 against certain pre-trial discovery is not applicable here inasmuch as that section applies to statements of prospective government witnesses other than the defendant to government agents.)

■ The question for the Court is not whether the defendant has an absolute right to the discovery of the recording at issue—obviously he does not —but whether, as a matter of the Court's discretion, production should be ordered.

The Advisory Committee Notes on paragraph (a) of the amended Rule 16 state:

"Discovery of statements and confessions is in line with what the Supreme Court has described as the better practice (Cicenia v. LaGay, 357 U.S. 504, 511 [78 S.Ct. 1297, 2 L.Ed.2d 1523] (1958)), and with the law in a number of states."

One of the State court decisions cited by the Advisory Committee Notes is Cash v. Superior Court, 53 Cal.2d 72, 346 P.2d 407 (1959) in which the Supreme Court of California dealt directly with the type of situation now before this Court. It was held that the accused was entitled to a writ of mandate to compel the Superior Court to issue an order permitting him, prior to trial, to inspect and copy any recording or transcriptions of conversations between him and Ned Barker, a police officer posing as a prospective accomplice. The Court first noted several decisions in which it had held the accused had a right to obtain written statements made in the office of the

police after the commission of the crime or to obtain tape recordings of the defendant's statements to the police during interrogation. The Court then stated:

"The recordings sought by petitioner, if they exist, are even more important to the defense than the material obtained by the defendants in the cases cited above. Any such recordings are obviously composed not only of petitioner's own statements but also those of Barker, a prosecution witness who testified at the preliminary hearing with respect to what was said. The conversations occurred in the course of the commission of the alleged crimes, and it is charged that what petitioner said constitutes solicitation to commit burglary. Any effort to impeach Barker and refute this charge would depend to a great extent on petitioner's precise knowledge as to the contents of the conversations. Moreover, there is a possibility that entrapment will be a defense, and the sequence, as well as the nature, of the remarks made by petitioner and Barker would be extremely significant in this respect. Thus careful study of the details of the conversations, particularly if there were ambiguities, would be necessary for an intelligent preparation of the defense, and the recordings requested, if they exist and are of audible quality, would prove the most reliable source of such details."

This Court is of the opinion that the word "statements" as used in paragraph (a) of Rule 16 is not limited to statements which are merely a recital of past occurrences.

■ Even if the word "statements" in paragraph (a) is to be limited to statements which are a recital of past occurrences, the Court is of the opinion that the recordings at issue would be obtainable on a motion brought under paragraph (b) of Rule 16 which provides:

(b) Other Books, Papers, Documents, Tangible Objects or Places. Upon motion of a defendant the court may order the attorney for the government to

632

permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable.

██ This paragraph does not specifically mention "tape recordings" but the term "tangible objects" would certainly seem to encompass them. The standards of reasonableness and materiality to the preparation of the defense are clearly met as to the recordings at issue.

The government is therefore directed to produce the tape recordings at issue.