**UNITED STATES of America**

**v.**

**Arnold FASSLER and Leonard Pollack, Defendants.**

**No. 68 Cr. 470.**

United States District Court
S. D. New York.

Oct. 29, 1968.

Robert M. Morgenthau, U. S. Atty., New York City, David M. Dorsen, Asst. U. S. Atty., of counsel, for the Government.

Louis Bender, New York City, for defendant Fassler.

Kostelanetz & Ritholz, New York City, for defendant Pollack.

## MEMORANDUM

COOPER, District Judge.

These motions by defendants Fassler and Pollack seek various types of relief.

Pursuant to Rule 16, F.R.Crim.P., both defendants move for discovery of their written and recorded statements or confessions and of all books, papers, documents, tangible objects, or copies thereof material to this case. Fassler additionally seeks inspection of Pollack's statements or confessions.

The Government has consented to provide each defendant with copies of his own written or recorded statements or confessions made "after his arrest." While discovery under Rule 16(a) is not limited to post-arrest statements or confessions,[1] the Government informs us that it does not have any "statements or confessions or records of conversations of either of the defendants" which occurred after the commission of the offenses charged in the indictment but prior to the defendants' arrest.[2]

The Government strongly opposes discovery of any recordings of conversations had between the defendants and the Internal Revenue Agent during the alleged commission of the crimes charged. Defendants urge that the opinion of the Court of Appeals in United States v. Knohl, 379 F.2d 427 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967), warrants such discovery under Rule 16(a).[3] We need not resolve the applicability of Rule 16(a) here since discovery of the recordings may be granted pursuant to Rule 16(b).

We have held, as have other Judges in this District, that such recordings constitute "tangible objects" within the meaning of Rule 16(b).[4] The motion papers before us, and the argument of counsel on both sides, convinces us that the imperative showing of materiality and reasonableness has been satisfied. Accordingly, the Government shall produce for inspection and copying any recordings of conversations had between the defendants and the Internal Revenue Agent during the alleged commission of the offenses charged.

1. See United States v. Leighton, 265 F. Supp. 27 (S.D.N.Y.1967); United States v. Kelly (Imp), 67 Cr. 1031 (S.D.N.Y. February 26, 1968); United States v. Fox, 66 Cr. 687 (S.D.N.Y. March 21, 1967); cf. United States v. Knohl, 379 F.2d 427 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967). We note also that apparently the statements need not be made to government agents to be discoverable under Rule 16 (a). See United States v. Knohl, supra; United States v. Greenberg, 67 Cr. 318 (S.D.N.Y. December 22, 1967); United States v. Baker, 262 F.Supp. 657 (D.D. C.1966); but see United States v. Kelly, supra.

2. See letter of Assistant United States Attorney Dorsen dated October 24, 1968.

3. Requests under Rule 16(a) for discovery of statements made during the alleged commission of the crime have been consistently denied by Judges in this District. See United States v. Fox, supra; United States v. Motto, 67 Cr. 1051 (S.D.N.Y. March 13, 1968); United States v. Kelly (Moskowitz), 67 Cr. 1031 (S.D.N.Y. February 26, 1968); United States v. Crisona, 67 Cr. 56 (S.D.N.Y. January 10, 1968); United States v. Rosenbaum, 68 Cr. 240 (S.D.N.Y. May 20, 1968); United States v. Behar, 68 Cr. 236 (S.D.N.Y. May 20, 1968); United States v. Lewis, 68 Cr. 464 (S.D. N.Y. September 10, 1968); United States v. Schnabel, 68 Cr. 237 (S.D. N.Y. July 17, 1968). Two Judges in the Northern District of Illinois have granted discovery, pursuant to Rule 16(a), of recordings of conversations made during the alleged commission of the offense. United States v. Iovinelli, 276 F.Supp. 629 (1967); United States v. Lubomski, 277 F.Supp. 713 (1967).

4. United States v. Fox, supra; United States v. Leighton, supra; United States v. Rubin, 67 Cr. 304 (S.D.N.Y. July 26, 1967). See also United States v. Iovinelli, supra.

■ Defendant Fassler's request for discovery of his co-defendant's statements or confessions is denied. See United States v. Edwards, 42 F.R.D. 605 (S.D.N.Y.1967); United States v. Kelly, 67 Cr. 1031 (S.D.N.Y. February 26, 1968).

The balance of defendants' requests under Rule 16(b) is granted to the extent consented to by the Government in its affidavit and at the time of oral argument.

Pursuant to Rule 7(f), F.R.Crim.P., both defendants move for a bill of particulars. At the time of oral argument, this Court was informed that an agreement had been reached under the terms of which defendant Pollack withdraws items 2, 7, 8, and 9 and the Government agrees to furnish Pollack with particulars as to the remaining items to the extent indicated in its affidavit with the addition that, under item 3, the Government will also state whether Pollack was present when the money was offered or promised to the Internal Revenue Agent.

Defendant Fassler's request for a bill of particulars is disposed of as follows:

Item 1 is granted to the extent consented to by the Government.

Item 2 is denied. See United States v. Tucker, 262 F.Supp. 305 (S.D.N.Y. 1966); United States v. Tanner, 279 F. Supp. 457 (N.D.Ill.1967).

Item 3 is denied. Discovery has been granted under Rule 16(b).

Items 4 and 7 are granted. See United States v. Tanner, supra; United States v. Baker, 262 F.Supp. 657 (D.D.C. 1966); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961); United States v. Lieberman, 15 F.R.D. 278 (S.D. N.Y.1953); United States v. Wilson, 20 F.R.D. 569 (S.D.N.Y.1957). If the Government is not presently prepared to furnish this information, let it be made available to defendant within a reasonable time prior to trial.

Item 5 is granted to the extent that the Government shall set forth the name or names of persons, if any, other than the defendants and the IRS employee referred to, who participated, aided, abetted, induced, counseled or procured the said promise, offer and payment of money. See United States v. Tucker, supra.

Items 6, 8, 9(a) and (d) are granted to the extent consented to by the Government.

Items 9(b), (c), (e), and 10 are denied.

Items 11 through 19 have been withdrawn by the defendant on the representation of the Government that count 3 of the indictment would be dismissed.

■■ Defendant Fassler moves, pursuant to Rule 17(c), F.R.Crim.P., for pre-trial production and inspection of certain books, papers, and documents designated in the subpoena duces tecum heretofore served upon the United States Attorney. We are not satisfied that a sufficient showing of "good cause" has been made to warrant pre-trial production and inspection at this time. United States v. Iozia, 13 F.R.D. 335, 338 (S.D. N.Y.1952). Rule 17(c) was not intended to provide an additional means of discovery. Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951); In Re Magnus, Mabee & Reynard, Inc., 311 F.2d 12 (2d Cir. 1962), cert. denied, 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1963); United States v. Murray, 297 F.2d 812 (2d Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). Further, we note that the Government has consented to discovery of a number of the items presently sought. Motion denied without prejudice.

This shall be considered an order; settlement thereof is unnecessary.