**UNITED STATES of America,**

v.

**William ROSENBERG, Defendant.**

**No. 69 Cr. 230.**

United States District Court
S. D. New York.

May 21, 1969.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States; Walter M. Phillips, Jr., Asst. U. S. Atty., of counsel.

Myron J. Greene, New York City, for defendant; Howard R. Udell, New York City, of counsel.

## OPINION

FRANKEL, District Judge.

■ The defendant is charged in a four-count indictment under 18 U.S.C. § 201(b) and (f) with bribery of an Internal Revenue official on two occasions, one in December 1968, the other in January 1969. He has moved under Fed.R.Crim.P. 16(a) and (b) for an order requiring the United States Attorney

(a) to permit defendant or his attorneys to inspect and copy or photograph all "written or recorded statements * * * by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government;"

(b) to produce for inspection by defendant or his attorneys any devices or machines used for recording any such statements, together with any tapes or other records containing the recordings; and

(c) to report or disclose the times when and places where such recordings were made.[1]

Opposing the motion, the Government reports the undisputed fact that it "has in its possession no statements made by the defendant at the time of his arrest or subsequent thereto." [2] At the same time, the Government does not dispute, but ultimately gives explicit confirmation, that it has recordings or transcripts of conversations between the defendant and the Internal Revenue official on the occasions of the alleged bribes. Such conversations took place, of course, before defendant's arrest; they each oc-

---

1. The foregoing summary of the relief sought differs in what are thought to be immaterial respects from defendant's own statement of what he wants. It is noted in passing that defendant at one place in his notice of motion demands "oral" as well as "written or recorded" statements. This is nowhere amplified, however; there is no suggestion as to how, or whether in actual fact, defendant would want to inspect "oral" statements which were never "written or recorded." The court, perceiving no relevant meaning for the reference to "oral" statements, has dealt with the motion as if it contained no such reference.

2. Affidavit in opposition, par. 4.

curred, on the Government's view, "during the commission of a crime."[3] To compel their disclosure before trial, the United States Attorney argues, "would be to compel the Government to disclose its entire case well before it is required to."[4] And while that only states a position rather than supporting it, the Government enlists the "plain meaning" of Rule 16 for what it tenders as the "well established" proposition that a defendant may not see or hear before trial recordings held by the prosecutor of defendant's "conversations and utterances * * * during * * * commission" of the crime or crimes charged in the indictment. Finding that proposition neither plain nor well established, but acknowledging that the decisions and the arguments go both ways, this court concludes that defendant is entitled to the disclosures he seeks.

 1. Even before the recent amendments of the Rules of Criminal Procedure, there was authority for the granting of discovery like that sought by the present defendant.[5] Such cases may have reflected in their day more advanced notions of fairness than the courts generally were prepared to adopt.[6] The point of significance today is that the amendments to Rule 16 effective July 1, 1966, were designed "to expand the scope of pretrial discovery." Advisory Committee's Note, 39 F.R.D. 175, 176. And while this broad proposition does not serve in itself to decide the specific problem before this court, it serves, as generalities commonly do, to "carry us far toward the end." Lochner v. New York, 198 U.S. 45, 76, 25 S.Ct. 539, 547, 49 L.Ed. 937 (1905) (Holmes, J., dissenting). When it is read with the relatively liberal spirit of its framers, Rule 16, under either or both of subdivisions (a) and (b), provides for the kind of discovery defendant seeks.[7]

---

3. Government's Memorandum of Law, p. 2.

4. Id. p. 4. The Government also argues that discovery in these circumstances would "allow the defense to obtain statements of Government witnesses prior to trial when the Jenks [*sic*] Act * * * specifically prohibits such disclosure * * *." Government's Supplemental Memorandum of Law, p. 3. But, as the Government elsewhere insists, the type of recording here in question is not a "recital of past occurrences," United States v. Sopher, 362 F.2d 523, 525 (7th Cir.), cert. denied, 385 U.S. 928, 87 S. Ct. 286, 17 L.Ed.2d 210 (1966), nor is it in the Jencks sense a statement "made by said witness to an agent of the Government * * *." 18 U.S.C. § 3500(e) (2). United States v. Iovinelli, 276 F. Supp. 629, 630–631 (N.D.Ill.1967).

5. United States v. Nolte, 39 F.R.D. 359 (N.D.Cal.1965), cited in Dennis v. United States, 384 U.S. 855, 871 n. 17, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), as a case anticipating the "broadening of criminal discovery * * *." Cf. Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49, 55, cert. denied, 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956); United States v. Fancher, 195 F.Supp. 448 (D.Conn.1961).

6. Prior to the amendments defendants' statements, no matter when recorded, were usually held not to be discoverable under Rule 16. See 1 Wright, Federal Practice and Procedure 502–503 (1969); United States v. Murray, 287 F.2d 812, 819–820 (2d Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). Our research, however, has revealed no reported cases before July 1, 1966, specifically denying discovery of a statement made "during the commission of the crime." Compare the possibly asymmetrical position before July 1, 1966, that statements comprising the crime of perjury before the grand jury were subject to pretrial discovery. United States v. Rose, 215 F.2d 617, 628–630 (3d Cir. 1954); United States v. Remington, 191 F.2d 246, 250–251 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952); United States v. Rosenberg, 39 F.R.D. 301, 302 (S.D.N.Y. 1966); United States v. White, 104 F. Supp. 120 (D.N.J.1952).

7. While this opinion concludes that either subdivision (a) or (b) authorizes the discovery defendant seeks, it should be noted that other Judges of this District have taken views which are wholly or partially contrary. Some, without discussing the two subdivisions separately,

Under 16(a), at least on the view to which this writer and many other judges are committed, defendant is entitled to inspect and copy his own "written or recorded statements or confessions" unless the Government shows particular and substantial reasons in a specific case for withholding such materials. United States v. Projansky, 44 F.R.D. 550 (S.D. N.Y.1968). The word "statements" is literally apt, of course, to cover the recordings of defendant's words when he was allegedly offering and giving bribes and gratuities. Our Court of Appeals, in obviously deliberate and weighty dictum, has made the point precisely. United States v. Knohl, 2 Cir., 379 F.2d 427, 441–442, cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967).[8] However, the Government, stressing the juxtaposition of the word "statements" with "confessions," argues that the rule must be taken to mean a defendant's narratives (always, or almost always, post-arrest) telling about the events constituting his alleged wrongdoing, not words spoken during, or as part of, the commission of the crime. See United States v. Iovinelli, *supra*, 276 F.Supp. at 630. A "confession," the argument runs, "is a narrative inculpatory statement." The reference in the rule to "statements" was added, in the Government's view, merely to make clear that "exculpatory as well as inculpatory utterances [would] be subject to discovery."[9]

Purely as a textual matter, the Government's argument is plausible, but not more than that.[10] There is very little

have simply held such discovery unavailable under Rule 16. United States v. Behar, 68 Cr. 236 (May 20, 1968); United States v. Schnabel, 68 Cr. 237 (July 17, 1968); United States v. Lewis, 68 Cr. 464 (Sept. 10, 1968). Others have denied discovery under subdivision (a) and not considered the applicability of (b). United States v. Kelly, 67 Cr. 1031 (Feb. 26, 1968); United States v. Motto, 67 Cr. 1051 (March 13, 1968). Only one case has specifically granted such a motion under subdivision (a), United States v. Stieber, 68 Cr. 398 (Dec. 9, 1968), though another (on a motion based on 16(a)) has ordered the Government to turn over recordings between the defendant and third parties, presumably made prior to arrest. United States v. Greenberg, 67 Cr. 318 (Dec. 21, 1967). Some have allowed discovery under subdivision (b), holding it unnecessary, therefore, to consider subdivision (a). United States v. Rubin, 67 Cr. 304 (July 26, 1967); United States v. Fassler, 46 F.R.D. 43, 44 (S.D.N.Y.1968); United States v. Rosenberg, 68 Cr. 737 (Oct. 29, 1968); United States v. Schnabel, 68 Cr. 237 (Oct. 29, 1968). Finally, there is the school of thought which restricts discovery of both pre-arrest and post-arrest statements to some special showing of need. See, e.g., United States v. Diliberto, 264 F.Supp. 181, 182–183 (S.D.N.Y.1967); United States v. Louis Carreau, Inc., 42 F.R.D. 408, 411–415 (S.D.N.Y.1967); United States v. McCarthy, 292 F.Supp. 937, 941–942 (S.D. N.Y.1968). That view, which I do not

share (see infra), has led some of my colleagues to say that pre-arrest statements may in proper cases be discoverable under subdivision (a), United States v. Leighton, 265 F.Supp. 27 (S.D.N.Y. 1967), or (b), United States v. Fox, 66 Cr. 687 (March 21, 1967); United States v. Greenberg, 68 Cr. 463 (Oct. 8, 1968), while denying the particular requests before them for failure to demonstrate sufficient need.

8. See also Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49, 55, cert. denied, 352 U.S. 873, 77 S.Ct. 94, 1 L. Ed.2d 76 (1956), where the Court referred to exactly similar recordings as "statements" in a context where no legal issue was touched by the choice of a suitable word. The same opinion, by the way, observed that such "recordings are analogous to copies of confessions made by defendants to the police * * *." Id.

9. Government's Memorandum of Law, p. 3.

10. The Advisory Committee's Note, commenting on subparagraph (3) of subdivision (a), says that a defendant's grand jury testimony should be disclosed to him on grounds of the "policy which favors pretrial disclosure to a defendant *of his statements to government agents* * * *." 39 F.R.D. at 176 (emphasis added). The phrasing is congruent with the Government's thesis on the present motion. But the quoted passage is not invoked, and its utility for the Government would be trivial at best. Compare the discussion

in the words by themselves to support the argument that "statement" was designed to mean only something said to enforcement authorities after the events in suit. And when the text is viewed in its context, having in mind why the words were written, there is "no basis for this contention." United States v. Baker, 262 F.Supp. 657, 671 (D.D.C. 1966); United States v. Lubomski, 277 F.Supp. 713, 719–722 (N.D.Ill.1967); United States v. Iovinelli, *supra*; see United States v. Leighton, 265 F.Supp. 27, 34 (S.D.N.Y.1967).[11]

The need of a defendant—and, more importantly, of his lawyer—to have access to his own past statements which are in the Government's hands is just as pressing, and for quite the same kinds of reasons, whether the statements were made during (whether or not as part of) the alleged crime or following it as narratives or explanations. Both kinds of statements will undoubtedly be studied by the Government's witnesses and others involved on the prosecution's side. Cf. Kirschbaum v. United States, 407 F.2d 562, 566 (8th Cir. 1969); United States v. Projansky, *supra*, 44 F.R.D. at 556–557. The identical needs of the defense seem too patent to warrant extended discussion. See United States v. Lubomski, *supra*, 277 F.Supp. at 721.

Reflecting that the two kinds of statements are essentially similar for discovery purposes, the Advisory Committee's Note on revised Rule 16 cited cases involving both, without bothering to distinguish, when it commented that the broadened provisions allowing discovery of "statements and confessions" were designed to be "in line with what the Su-

preme Court has described as the 'better practice' (Cicenia v. La Gay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958)), and with the law in a number of states." 39 F.R.D. at 176. This interesting point is developed in greater detail in a cogent opinion by Judge William J. Lynch, United States v. Iovinelli, *supra*, 276 F.Supp. at 631, which this court follows today as fully persuasive authority.

2. In addition to holding that recordings of the type in question are discoverable under subdivision (a) of Rule 16, this court concludes that such materials would be subject to disclosure in any event under subdivision (b). See United States v. Fassler, 46 F.R.D. 43, 44 (S.D.N.Y.1968); United States v. Iovinelli, *supra*, 276 F.Supp. at 631–632. The physical records of defendant's words, if the Government were sustained in excluding them from the category of "statements" in (a), would surely fall within the residual scope of (b) in its coverage of "Other * * * Papers" and "Tangible Objects." The "showing of materiality," required under (b), is plain, as is the demonstration "that the request is reasonable." Subdivision (b), as the Advisory Committee mentioned (39 F.R.D. at 177), is framed in "broad and general terms * * *. The requirement of reasonableness will permit the court to define and limit the scope of the government's obligation to search its files while meeting the legitimate needs of the defendant." *Id.* The problems of definition and limitation are automatically solved in cases like this one, where the demand for disclosure refers to a readily identifiable and precisely definable class of things.

---

below of the Advisory Committee's reference, without distinction, to cases allowing discovery of statements comprising or accompanying alleged crimes along with cases of later "statements to government agents."

11. Judge Tenney in the *Leighton* case followed a standard different from the one I have thought applicable for determining the discoverability of "statements or confessions" under Rule 16(a). See note

7, *supra*. The notable point for present purposes, however, is his rejection of the Government's argument that "any statements made by the defendants prior to arrest are outside the scope of discovery under Rule 16(a)." He concluded that there was "no reason" for such a limitation "in light of the purpose of the Rule," and that the "clear language of the Rule itself" repelled the Government's theory. *Id.*

3. Arguing stoutly against pretrial disclosure of the recorded statements, the Government has not explicitly opposed discovery of the "devices or machines" used for the recordings or revealing the times and places of the recordings. There is no suggestion that peculiar problems of secrecy or security may arise with respect to such additional demands. And since the devices must be introduced in evidence to provide a foundation for the recordings themselves, they are "clearly material" and the request for them is "reasonable." 1 Wright, Federal Practice and Procedure, p. 513 (1969). Cf. United States v. Leighton, *supra,* 265 F.Supp. at 35–36; United States v. Edwards, 42 F.R.D. 605, 607 (S.D.N.Y.1967).

In sum, the motion is in all respects granted. So ordered.