**U. S. A.**
**v.**
**William J. GARRETT.**
**No. 67 Cr. 347.**

United States District Court
D. New York.

Sept. 23, 1969.

Robert M. Morgenthau, U. S. Atty., United States District Court, New York City, for the United States; Arthur A. Munisteri, Asst. U. S. Atty., of counsel.

Arnold D. Roseman, New York City, for defendant.

COOPER, District Judge.

Defendant moves (1) for discovery pursuant to Rules 16(a) and (b) and 17(c), F.R.Crim.P.; (2) for an order pursuant to Rule 41(e), F.R.Crim.P., directing suppression of certain evidence allegedly illegally seized by the Government; (3) for a bill of particulars pursuant to Rule 7(f), F.R.Crim.P. The Government cross-moves for discovery, pursuant to Rule 16(c), F.R.Crim.P.

The Government consents to provide defendant with the discovery he seeks if certain reciprocal discovery will be granted pursuant to Rule 16(c), F.R.Crim.P. We find the limited discovery requested by the Government reasonable and material to the preparation of its case, and accordingly grant both defendant's and the Government's motions for discovery in toto. Included therein is a motion by defendant for discovery of his written or recorded statements or confessions. We have been informed by the Government that the only statements made by defendant in its possession, custody or control are summaries of certain conversations defendant had with two Investigators for the Internal Revenue Service (IRS) contained in a report from IRS to the United States Attorney for the Southern District of New York made in connection with the prosecution of this case. The issue presented is whether such a statement is discoverable.

We have long construed Rule 16 (a) (1), F.R.Crim.P., "as giving defendant almost automatic right to his written or recorded statements or confessions."

United States v. Federman, 41 F.R.D. 339, 341 (S.D.N.Y.1967). We adhere to the limitation expressed in *Federman* that defendant is not entitled to any tangential or "beside the point" matter he may have stated. Such irrelevant material, having no bearing at all on the crime charged, "may be put to good use in the pursuit of truth, including a test of defendant's veracity." *Id. Cf.* Advisory Committee's Note, Rule 16(a) (1).

In United States v. Elife, 43 F.R. D. 23, 24 (S.D.N.Y.1967), we required discoverable statements to be "substantially verbatim and contemporaneous." We now find that test susceptible of too restrictive an interpretation. As we stated in *Federman*, defendant is entitled to the "equivalent in writing of what [he] had to say—no matter how he said it—with respect to the crime charged." Accordingly, we hold a writing to be a statement within the meaning of Rule 16(a) (1) provided it "sets forth in detail and at length the substance" of what he said. See United States v. Scharf, 267 F.Supp. 19, 20 (S.D.N.Y.1967); United States v. Kuperberg, 288 F.Supp. 115, 116 (S.D.N.Y.1967). See also United States v. Morrison, 43 F.R.D. 516, 519 (N.D.Ill.1967).

Discovery of any such statement meeting this criteria is not precluded merely because it is contained in what is an otherwise non-discoverable internal Government report or memorandum. See Ogden v. United States, 303 F.2d 724, 734–735 (9th Cir. 1962) cited with approval in the Advisory Committee's Note, Rule 16(b) (2) dealing with the internal Government documents exemption. See also, 8 Moore, Federal Practice ¶ 16.03[2] at 16–20 (2d ed. 1968). Any irrelevant or privileged material shall be excised and discovery of the statement granted only to the extent herein indicated. On this score, defendant is entitled to precisely just that and nothing more. See Ogden v. United States, *supra*; United States v. Curry, 278 F.Supp. 508, 514 (N.D.Ill.1967); United States v. Kuperberg, *supra*; 8 Moore, Federal Practice, *supra*.

■ Turning to defendant's motion to suppress, we assume *arguendo* the facts he alleges. Nevertheless, the established law of this Circuit precludes a finding that the administrative search and seizure conducted on October 6, 1965 by two IRS investigators pursuant to statutes authorizing such warrantless inspections and seizures was in violation of the Fourth Amendment. See Colonnade Catering Corp. v. United States, 410 F.2d 197 (2d Cir. 1969). Defendant concedes as much in his Memorandum of Law dated August 8, 1969, but asks this Court to hold this motion in abeyance pending final adjudication by the United States Supreme Court should a petition for a writ of certiorari filed by the defendant in *Colonnade* be granted. Motion denied.

We dispose of defendant's motion for a bill of particulars as follows:

Items 3, 4 and 5 granted, if known.

Items 1 and 2 denied.