**UNITED STATES of America**

v.

**Harold S. KAHN and Robert Wiene, Defendants.**

No. 69 Cr. 557.

United States District Court
S. D. New York.

Oct. 31, 1969.

Robert M. Morgenthau, U. S. Atty., by James D. Zirin, Asst. U. S. Atty., New York City, for plaintiff.

Kantor, Shaw & Ryan, New York City, for defendants.

## ORDER AND OPINION

MOTLEY, District Judge.

*Discovery Motion*

Kahn is charged with 2 counts of bribing and paying a gratuity to an Internal Revenue Service Inspector in order to obtain confidential information from the Inspector's files in violation of 18 U.S.C. §§ 201(b) and (f) (1964). Kahn is also charged with 3 counts of helping defendant Wiene and his wife to defraud the United States in connection with Wiene's 1964, 1965 and 1966 personal income tax returns in violation of 26 U.S.C. § 7214 (1964). The indictment further charged Kahn and Wiene in 2 counts with making false statements to the government in connection with the 1965 and 1966 partnership income returns of Robert Wiene Company in violation of 18 U.S.C. § 1001 (1964) as well as conspiracy to violate the 2 statutes last mentioned. Pursuant to Rule 16,[1] the defendants have moved to discover and inspect:

a) All electronically recorded conversations as to which the defendant Harold S. Kahn was a party, and any still or motion pictures in which he is depicted, relating to the prosecution of counts Seven and Eight of the indictment, and the monies alleged therein to have been paid by the defendant.

b) The make, model and serial numbers of the electronic recording devices, the still or motion picture equipment utilized to record or depict the defendant, Harold S. Kahn.

c) The Federal Income Tax Returns for Robert Wiene and Cecile Wiene, for the taxable years 1963–1966, as well as the partnership returns for Robert Wiene Company for the taxable years 1963, 1965 and 1966.

The government opposes the discovery motion in its entirety.

### a) *Electronically Recorded Conversations*

Opposing the request in paragraph (a), *supra*, the government argues that the recordings "are clearly not 'statements' or 'confessions' within the meaning of Rule 16(a)." While conceding that these recorded statements are "tangible objects" for purposes of Rule 16 (b); nevertheless, the government ar-

---

1. Fed.R.Crim.P. 16 [hereinafter referred to as Rule 16].

gues that the movant has not met 16(b)'s requirements because "the movant had made no factual showing of materiality to the preparation of his defense."

■ The question of whether electronic recordings of the defendant's statements to an agent before an arrest should be granted under Rule 16 has been extensively discussed by Judge Frankel in United States v. Rosenberg, 299 F.Supp. 1241 (S.D.N.Y.1969), a case involving a similar fact pattern to the one before us. This court has nothing to add to the thorough analysis of the case law relating to this question.[2] The court agrees with the reasoning and follows the holding. Electronic recordings of conversations between the defendant and government agents do fall within the definition of "statements". Because the government did not show "particular and substantial reasons in [this] case for withholding such materials," (*Rosenberg, supra,* at 1244), discovery is granted under Rule 16(a). *Accord,* Davis v. United States, 413 F.2d 1226 (5th Cir. 1969).

Discovery can also be granted under Rule 16(b). Recordings made by an agent while he was being bribed are quite material to defense preparation and a request for them is reasonable. *Rosenberg, supra,* at 1245.

b) *Make, Model and Serial Number*

■ This court grants Section (b) of defendant's motion:

There is no suggestion that peculiar problems of secrecy or security may arise * * *. And since the devices must be introduced in evidence to provide a foundation for the recordings themselves, they are "clearly material" and the request for them is "reasonable." 1 Wright, Federal Practice and Procedure, p. 513 (1969).

*Rosenberg* at 1246.

c) *Federal Income Tax Returns*

The government is resisting the production of federal income tax returns on the ground that the defendant did not meet its burden of showing materiality for Counts 7 and 8. Conceding that the returns are material to other counts, the government, nevertheless, urges the court to use its discretion to deny the motion. Since there is no question that the returns are material, the only issue is whether the court should in its discretion deny the motion.

■ The Income Tax Regulations give the defendant a right to inspect his own returns and those of his partnership. Income Tax Regulations §§ 301.-603(a)–1(c) (1) (ii) (Return of Individuals) and 301.603(a)–1 (c) (1) (iv) (Return of Partnership) (1969). Since the government has not argued that the interest of the prosecution or of justice would be threatened by this inspection, this court will not unsoundly exercise its discretion to override the Internal Revenue Service's policy of open inspection.

In summary, the discovery motion is in all respects granted.

*Bill of Particulars*

The court grants all the items in the bill of particulars consented to by the government. In addition, the court fully grants Items (f), (j), and (u). (See Attachment A).

The court grants Items (h), (n), and (z) as modified below:

(h) Identify the items of income which the defendants are charged in Paragraph 4(b) with failing to report.

(n) Set forth a computation identifying the specific items of gross income which it is alleged were unreported.

(z) State whether it is claimed that the inspector furnished information from the files of the Inspection Service.

The court directs that the government furnish the defendant with the above items at least 20 days before trial.

---

2. See *Rosenberg, supra* at 1243–1245 and ftn. 6–7.

**1228**

The court grants items (h) and (n) (as modified) over the government's objections "so that the defendant in his preparation for trial may be in readiness to submit all possible evidence which he thinks will negate a showing of fraud founded on those entries * * *." United States v. Dolan, 113 F.Supp. 757, 759 (D.C.Conn.1953) (Hincks, J.). Similarly, the court grants Items (f) and (j) to give the defense an opportunity to negate a showing of conspiracy evidenced by the alleged overt acts. Finally, the court grants Items (u) and (z) (as modified) so that the defendant can bring forth all evidence to negate a showing of bribing a public official. See 8 J. Moore, Federal Practice, ¶ 7.06 [2] (2d ed. 1968).