**UNITED STATES of America**

v.

**Robert VILLA et al.**

**Crim. No. H–568.**

United States District Court,
D. Connecticut.

Feb. 7, 1974.

**516**

Stewart H. Jones, U. S. Atty., F. Mac Buckley, Michael Hartmere, Sp. Attys., Drug Enforcement Administration Task Force, U. S. Dept. of Justice, Hartford, Conn., for plaintiff.

Morton P. Cohen, West Hartford, Conn., for defendant Cuevas.

## RULING ON DEFENDANT CUEVAS' MOTIONS FOR DISCOVERY AND FOR A BILL OF PARTICULARS

BLUMENFELD, Chief Judge.

The defendant Victor Cuevas has been indicted by the grand jury for violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U. S.C. § 841(a)(1). Several of the items and a portion of the information which he has sought in his Motion for Discovery and Motion for a Bill of Particulars have been made available or disclosed by the government without objection, and several of the defendant's requests have been withdrawn following discussion with government counsel. The remaining requests pressed by the defendant all relate to but two issues: discovery by the defendant of statements he allegedly made to a government agent prior to his arrest, and disclosure of the names of persons present when the acts charged in the indictment allegedly took place.[1]

---

1. The disputed requests in the Motion for Discovery are the following:

2. The names and addresses or other whereabouts of any and all witnesses to the alleged offenses, known to the government, or who may become known to the government, who have knowledge of the events surrounding the alleged offenses.

4. Any and all oral, written, photographed or recorded statements made by the defendant . . . prior . . . to arrest in connection with this case, including, but not limited to, any written or typewritten statement signed, initialed or acknowledged by the defendant as well as any oral statement reflected in notes made by any law enforcement agent or informer. The disputed requests in the Motion for a Bill of Particulars are the following:

2. Set forth the names, official titles and present addresses of each person present when the acts alleged in Counts 4 and 5 occurred.

3. Set forth, as to Count 4 of the indictment, . . . the names, official or unofficial titles, (including informers), and

## I. DEFENDANT'S DISCOVERY OF HIS OWN PRE-ARREST STATEMENTS

Rule 16(a) of the Federal Rules of Criminal Procedure provides, in pertinent part:

"Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government . . . ."

The Rule has been construed "as giving defendant almost automatic right to his written or recorded statements or confessions." United States v. Federman, 41 F.R.D. 339, 341 (S.D.N.Y.1967); United States v. Isa, 413 F.2d 244, 246–248 (7th Cir. 1969); United States v. Hodges, 480 F.2d 229, 232 n.3 (10th Cir. 1973); United States v. Garrett, 305 F. Supp. 267, 268 (D.N.Y.1969); 1 C. Wright, Federal Practice and Procedure § 253, p. 500; United States v. Bryant, 142 U.S.App.D.C. 132, 139, 439 F.2d 642, 649 n.14 (1971); United States v. Projansky, 44 F.R.D. 550, 555 (S.D.N.Y. 1968). Our own Court of Appeals has noted that "weighty scholarly authority supports the proposition that withholding a defendant's statement should be the exception, not the rule . . . ." United States v. Crisona, 416 F.2d 107, 115 (2d Cir. 1969), cert. denied, 397 U. S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970); see United States v. Hodges, supra, 480 F.2d at 232. The Advisory Committee's Note on Rule 16 declares, "Discovery of statements and confessions [by the defendant] is in line with what the Supreme Court has described as the 'better practice' (Cicenia v. La-Gay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958)) . . . ." 39 F.R.D. 176.

The government concedes that it has within its "possession, custody, and control" a report by the government agent who allegedly purchased heroin from the defendant on the date specified in the indictment, and that such report contains statements purportedly made by the defendant at the time of the transaction. It nevertheless objects to surrender of the statements, on several grounds. First, it argues that Rule 16(a) requires surrender only of statements made by the defendant *subsequent* to his arrest. A similar argument was made in United States v. Rosenberg, 299 F.Supp. 1241 (S.D.N.Y.1969), where the government claimed that the word "statement" in Rule 16 should be construed to mean "narrative,"[2] *i. e.*, a description of a past event, not a declaration contemporaneous with the event. Judge Frankel found this rationale sorely wanting:

"Purely as a textual matter, the Government's argument is plausible, but not more than that. There is very little in the words by themselves to support the argument that 'statement' was designed to mean only something said to enforcement authorities after the events in suit. And when the text is viewed in its context, having in mind why the words were written, there is 'no basis for this

addresses of those persons observing such possession, and. the length of and specific time of such respective observations.

4. State . . ., during the time in which defendant was observed on July 20, 1973, by witnesses for the government, . . . the person(s) present.

8. State . . . [as to] the offense [by Robert Villa] alleged in Count 5, . . . the names and addresses of all other persons then present.

2. The argument is based upon the juxtaposition of the words "statements" and "confessions" in Rule 16:

"A 'confession,' the argument runs, 'is a narrative inculpatory statement.' The reference in the rule to 'statements' was added, in the Government's view, merely to make clear that 'exculpatory as well as inculpatory utterances [would] be subject to discovery.'" 299 F.Supp. at 1244 (footnote omitted).

contention.' United States v. Baker, 262 F.Supp. 657, 671 (D.D.C.1966); United States v. Lubomski, 277 F. Supp. 713, 719–722 (N.D.Ill.1967); United States v. Iovinelli, *supra* [276 F.Supp. 629]; see United States v. Leighton, 265 F.Supp. 27, 34 (S.D.N. Y.1967).

The need of a defendant—and, more importantly, of his lawyer—to have access to his own past statements which are in the Government's hands is just as pressing, and for quite the same kinds of reasons, whether the statements were made during (whether or not as part of) the alleged crime or following it as narratives or explanations. Both kinds of statements will undoubtedly be studied by the Government's witnesses and others involved on the prosecution's side. Cf. Kirschbaum v. United States, 407 F.2d 562, 566 (8th Cir. 1969); United States v. Projansky, *supra*, 44 F.R.D. at 556–557. The identical needs of the defense seem too patent to warrant extended discussion. See United States v. Lubomski, *supra*, 277 F. Supp. at 721."

299 F.Supp. at 1244–1245 (footnotes omitted). See United States v. Leighton, 265 F.Supp. 27, 34 (S.D.N.Y.1967); United States v. Iovinelli, 276 F.Supp. 629, 630–631 (N.D.Ill.1967).

■ In United States v. Crisona, *supra*, our Court of Appeals considered the same issue. At trial the defendant had moved, pursuant to Rule 16, for production of tapes or transcripts óf certain telephone conversations to which he had been a party. The conversations were potentially incriminating; although the conversations had been recorded by a third party, the tapes or transcripts of the conversations were then in the custody and control of the government. The trial judge denied the request on the theory that Rule 16(a) did not cover statements made by a defendant prior to arrest. The Court of Appeals held that this ruling was erroneous. Specifically noting Judge Frankel's decision in *Ro-*

*senberg* and similar district court rulings, the Court of Appeals declared:

"The bases of these decisions have been that the language of amended Rule 16(a) is unqualified in contrast to the limited definition of 'statement' in section 3500, that the Notes of the Advisory Committee indicate that the amended Rule was intended to apply even to pre-arrest statements made by a defendant during the course of his crime and was meant to broaden materially the scope of discovery available to a defendant, that such a statement is obviously of such vital importance to the defense that fairness compels its disclosure, and that guilty pleas will thereby be encouraged. This broad interpretation of 'statement' in Rule 16(a) is supported by the recent recommendation of the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial 62 (1969) that a defendant receive before trial all of his statements

regardless of to whom they were made—whether a prosecuting attorney, an investigator, a grand jury * * *, or anyone else. It is also intended that statements be discoverable regardless of how they are obtained, whether surreptitiously or voluntarily.

We agree with these conclusions and see nothing in the plain language of Rule 16(a) or the Notes of the Advisory Committee accompanying it which would justify imposing the limitation suggested by the Government. See United States v. Knohl, 379 F.2d 427, 441–442 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967) (dictum)."

416 F.2d at 114–115 (footnote omitted). *Accord,* United States v. Bryant, *supra,* 439 F.2d at 649; United States v. Ahmad, 53 F.R.D. 186, 188–89 (M.D.Pa. 1971). Accordingly, I find that it is irrelevant whether the statements of the defendant were made *prior to* or *subsequent to* his arrest, and I hold that statements made by the defendant at ei-

ther time are equally discoverable under Rule 16(a). The mandate of Rule 16(a) is clear: absent some special showing by the government pursuant to Fed.R. Crim.P. 16(e), a defendant is entitled to inspect and copy *all* statements made by him which are in the possession, custody or control of the government.

The government also argues against disclosure of the defendant's statements on the grounds that they were made to a third party not a government agent. Government counsel has indicated to the Court that the sale of heroin charged in the indictment was conducted in Spanish. The defendant allegedly concluded the sale with an English-speaking government agent by negotiating through a Spanish-speaking informant who acted as interpreter. The government relies upon United States v. Dorfman, 53 F.R. D. 477 (S.D.N.Y.1971), a prosecution for soliciting and receiving kickbacks, in which the court held that the defendant was not entitled to inspect and copy "oral" statements which were allegedly made to a third party not a government agent prior to the defendant's arrest, and which the third party subsequently put into a written statement and gave to the government.

█ The government's contention is without merit. The law is settled in this Circuit that a defendant should "receive before trial all of his statements 'regardless of to whom they were made —whether a prosecuting attorney, an investigator, a grand jury * * *, or anyone else.'" United States v. Crisona, *supra*, 416 F.2d at 115. See also United States v. Addonizio, 313 F.Supp. 486, 500 (D.N.J.1970), aff'd 451 F.2d 49 (3rd Cir. 1971), cert. denied 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972).[3]

█ The government also argues that Rule 16(a) only authorizes discovery of *tape recordings* or *transcripts* of a defendant's pre-arrest statements, citing United States v. Rosenberg, *supra,* and United States v. Crisona, *supra.* The government's reliance upon these cases is clearly misplaced. It is true that the defendant in *Rosenberg* sought discovery of recordings and transcripts of conversations in which he had been involved, and that the defendant in *Crisona* requested tapes which had been made of his telephone conversations. But it is manifest from a reading of the decisions that neither Judge Frankel in *Rosenberg* nor the Court of Appeals in *Crisona* subscribed to the very narrow proposition urged by the government. See *Rosenberg,* 299 F.Supp. at 1244; *Crisona,* 416 F.2d at 114–115. As noted above, the Court of Appeals in *Crisona* specifically approved the broad discovery principle recommended by the American Bar Association project. United States v. Dorfman, cited by the government, recognized that "summaries" of a defendant's statements are discoverable. 53 F.R.D. at 479–480. Other courts have likewise held that reports or memoranda which set forth the substance of statements attributed to the defendant, even if not verbatim, are discoverable under Rule 16(a). United States v. Scharf, 267 F.Supp. 19 (S.D.N.Y.1967); United States v. Kuperberg, 288 F.Supp. 115 (S.D.N.Y.1967); United States v. Hasiwar, 299 F.Supp. 1053 (S.D.N.Y.1969). A defendant is entitled to the "'equivalent in writing of what [he] had to say —no matter how he said it—with respect to the crime charged.'" United States v. Garrett, *supra,* 305 F.Supp. at 268.

---

3. Moreover, in the instant case, the statements allegedly made by the defendant were made not to a third party not a government agent, but, in fact, to the government agent who purportedly bought the heroin. The "third party" was merely a vehicle by which the transaction was consummated, *i. e.,* an interpreter, and acting as such on behalf of the government agent-buyer, who served solely as a linguistic facilitator in the alleged dealings. Further, if the government seeks to draw a distinction on the basis of *Dorfman* between simple declarative statements by the defendant and verbal acts which constitute elements of the crime, that attempt clearly must fail: *Crisona* demonstrates that any such distinction is without legal significance. 416 F.2d at 111–115.

■ Finally, the government argues that disclosure of the defendant's statements made prior to arrest "would lead to the furnishing of a list of witnesses to whom said statements were made." Whether the defendant is entitled to a list of witnesses will be considered shortly. The claim that disclosure of defendant's pre-arrest statements necessarily leads to disclosure of the identities of those to whom the statements were made, however, is totally without merit. It is a simple matter for the government to surrender to the defendant only those portions of the government agent's report constituting the defendant's statements. Any irrelevant or privileged data may be excised. United States v. Curry, 278 F.Supp. 508 (N.D.Ill.1967); United States v. Garrett, *supra*; United States v. Kuperberg, *supra;* Taglianetti v. United States, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969). Accordingly, the motion for discovery with respect to the defendant's pre-arrest statements is granted.

## II. DISCLOSURE OF NAMES OF PERSONS PRESENT AT ALLEGED CRIME

■ The defendant has requested the names of persons present when the acts charged in the indictment allegedly took place, noting that disclosure would lead to the furnishing of a list of government witnesses. Generally, discovery is denied with respect to the names of persons present during an alleged transaction, United States v. Cummings, 49 F.R.D. 160, 161 (S.D.N.Y.1969), and (except in capital cases) as to persons whom the government intends to call as witnesses at trial, *e. g.*, United States v. Wolfson, 413 F.2d 804, 808 (2d Cir. 1969); United States v. Aguedo Rosa, Criminal No. H–395 (D.Conn. Dec. 28, 1973). The phrase "disclosure would lead to the furnishing of a list of government witnesses," however, is not a talismanic incantation which automatically cuts off further inquiry. In certain circumstances a defendant may be entitled to the names of persons present when a crime was allegedly committed. See Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Cf.* United States v. Mendez-Rodriguez, 450 F.2d 1 (9th Cir. 1971); Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185, 187–189 (1966). "Where . . . a defendant seeks legitimate information, he may not be denied it merely because the effect of providing it is to divulge the names of government witnesses or the details of the government's evidence." United States v. Addonizio, *supra*, 451 F.2d at 64 n. 16. The question therefore is not whether the requested information includes the names of persons who may be called as government witnesses, but whether the circumstances of the particular case are such that the defendant's need for the requested information outweighs the government's need for confidentiality and for security of its witnesses. *Cf.* Roviaro v. United States, 353 U.S. 53, 58–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In the instant case, the government has obliquely referred to disclosure which would "[jeopardize] the safety and well-being of its prospective witnesses." While the government has not pointed to particular dangers to specific persons, its general concern is, of course, legitimate and proper. In support of his request, the defendant only raises the question whether the alleged transaction was carried on in Spanish or English. As noted above, the government has itself indicated that the transaction was conducted in Spanish, but this does not appear to furnish any particular justification for disclosure of the names of the persons present, and the defendant has not suggested any such justification to the Court. Accordingly, the requests by the defendant for the names of persons present when the acts charged in the indictment allegedly took place, contained in his motions for discovery and for a bill of particulars, are denied.

So ordered.