UNITED STATES of America,

v.

Robert EDWARDS, Robert J. Gould and Hyman Abraham Lieberman, Defendants.

No. 67 Cr. 353.

United States District Court
S. D. New York.

July 5, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, by Robert L. Latchford, Asst. U. S. Atty., New York City, for the United States.

Jay Goldberg, New York City, for defendant Lieberman.

MANSFIELD, District Judge.

The defendant Lieberman, one of three defendants charged in a one-count indictment with transporting stolen securities in interstate commerce in violation of 18 U.S.C.A. § 2314, moves pursuant to Rule 16(a), F.R.Crim.P., for discovery of (1) all of his own "confessions, admissions or statements"; (2) all statements of his co-defendants Gould and Edwards referring to him; and (3) inspection of any device used to record any of these statements. According to the affidavit of Lieberman's attorney (Par. 5), discovery of Lieberman's own statement is sought for the reason that due to the trauma of his arrest, Lieberman has difficulty recalling conversations which he had at that time.

The Government in its reply affidavit denies the existence of any "statement, admission or confession" of defendant Lieberman, but suggests the possible existence of "internal Government memoranda of conversations between himself [Lieberman] and government agents * * *." Such agents' notes or memoranda are expressly excluded by Rule 16(b) from production under Rule 16. Furthermore, even if they were not thus excepted, since there is no showing that the notes here were "written or recorded statements or confessions made by the defendant" within the meaning of Rule 16(a), and no showing is made of materiality or reasonableness as required by Rule 16(b), Lieberman is not entitled to inspect them. United States v. Federman, 41 F.R.D. 339, 341 (S.D.N.Y.1967); Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); United States v. Aviles, 337 F.2d 552, 557 (2d Cir. 1964), cert. denied, 380 U.S. 906, 85 S.Ct. 885, 13 L.Ed.2d 794 (1965). In any event, for the reasons set forth in detail in United States v. Carreau, Inc., 42 F.R.D. 408 (June 30, 1967), this Court is of the opinion that the bald statement of defendant's attorney, unsupported by medical proof or an affidavit of Lieberman himself, to the effect that he suffers a memory lapse, does not constitute an adequate showing to prompt the Court to exercise its discretionary power under Rule 16(a) to order production of any statements of the defendant, whether or not in the form of internal Governmental memoranda. The motion for their production is accordingly denied.

Lieberman's motion for discovery of any statements of his co-defendants is likewise denied for failure to show materiality and reasonableness as required by Rule 16(b). The entire tenor of Rule 16 is contrary to the production

of such statements. No exception need be made where the movant believes they may support a possible motion for a severance under Rule 14, F.R.Crim.P., since the latter rule expressly provides that on a motion for severance, the court may direct the prosecutor to furnish it for *in camera* inspection with any statements of co-defendants which the Government intends to use at trial.

Since all motions for discovery of statements are being denied, the motion for inspection of the devices used in recording them will also be denied.

So ordered.