**UNITED STATES of America**
**v.**
**John DIOGUARDI et al., Defendants.**
**No. 70 Crim. 967.**

United States District Court,
S. D. New York.
July 13, 1971.
As Amended July 29, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for the United States of America; John Lowe, and Robert G. Morvillo, Asst. U. S. Attys., of counsel.

Jay Goldberg, New York City, for defendant Dioguardi.

Daniel H. Greenberg, New York City, for defendant Tramunti.

Jerome Lewis, New York City, for defendant Aloi.

Jacob P. Lefkowitz, New York City, for defendant Gugliaro.

Moses Polakoff, New York City, for defendant Lombardo.

Michael Coiro, New York City, for defendants Fusco, Savino and Burke; Gerald L. Shargel, New York City, of counsel.

Evseroff, Newman & Sonenshine, Brooklyn, N. Y., for defendants Bonodono and Layne; Gustave H. Newman, Brooklyn, N. Y., of counsel.

Morris Winter, and Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Hellerman; Vincent L. Broderick, New York City, of counsel.

Max Schorr, New York City, for defendant Taylor.

Segal & Hundley, New York City, for defendants Goodman, Alpert & Weiss; Marvin B. Segal, New York City, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendant Frank; Peter Fleming, New York City, of counsel.

## MEMORANDUM OPINION

LASKER, District Judge.

Defendants have made numerous and extensive pretrial applications here. Motions have been made for severance, for the filing of bills of particulars including the disclosure of government informers, for extensive discovery and inspection, and for dismissal or consolidation of certain counts of the indictment as multiplicious. Additionally, motions challenging the grand jury and seeking to inquire into its procedures have been made, along with further miscellaneous motions.

The indictment contains seventy-two counts. It alleges in count one that the defendants conspired to manipulate the sale of the common stock of Imperial Investment Corporation ("Imperial") and to commit certain offenses against the United States in so doing (18 U.S.C. § 371). It then alleges as to all or some of the defendants (a) that they unlawfully offered Imperial stock for sale using the United States mails in their scheme to defraud (counts two through eleven; 15 U.S.C. §§ 77q(a) and 77x, 18 U.S.C. § 2), (b) that they used instrumentalities of interstate commerce and the mails in the purchase and sale of unregistered Imperial stock in contravention of Rule 10b–5 (17 C.F.R. 240.-10b–5) of the Rules of the Securities and Exchange Commission (counts twelve through twenty-seven and counts twenty-eight through thirty-two; 15 U.S.C. §§ 78j (b) and 78ff, 18 U.S.C. § 2), (c) that they used the mails to sell unregistered securities (counts thirty-three through forty-nine, fifty through fifty-one, fifty-two through fifty-four, and fifty-five through fifty-six; 15 U.S.C. §§ 77e and 77x, 18 U.S.C. § 2), and (d) that they used the mails in furtherance of their scheme to defraud (counts fifty-seven through seventy-two; 18 U.S.C. §§ 1341 and 2).

The several motions will be treated according to the nature of the relief sought. At the outset it should be noted that defendant Bonodono has adopted the motions of defendants Fusco, Savino and Burke, and together these defendants adopt the motions of the co-defendants to the extent that they are not inconsistent with their own. Defendant Layne was arraigned after the making of these applications, is represented by the same counsel as Bonodono, and has made no pretrial motions. Finally, the government has consented to submit one bill of particulars in response to the several motions and their diverse requests, so that the requests granted as to any one defendant accrue to the benefit of all. The government has agreed to the same arrangement as to the motions for discovery and inspection, except that where a given defendant seeks his own statements in the possession of the government, such statements are to be given only to that defendant.

## MOTIONS FOR SEVERANCE

Eight of the defendants have moved for a severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. The guiding considerations for the exercise of the court's discretion in such cases have been ably set forth in United States v. Crisona, 271 F.Supp. 150, 154–155 (S.D.N.Y.1967). Applying the criteria there enumerated, it is clear that none of the defendants has met the burden of demonstrating prejudice such as to warrant a severance.

■ Defendants Fusco, Savino, Burke and Bonodono allege that "their cases have been misjoined with the other co-defendants," that the entire case is too complex for a trier of fact to distinguish the evidence as against each individual defendant, and that they will be prejudiced thereby. No facts are presented in support of any of these motions. The experience within this very District has demonstrated the contrary; that is, that judges and juries have competently disposed of cases of the magnitude involved here. The "misjoinder" language

(evoked under Rule 14, F.R.Cr.P., but germane to Rule 8, F.R.Cr.P.) is not argued by these defendants, nor do we see any basis for challenging the joinder of offenses or of defendants.

Defendant Gugliaro moves for severance on the grounds that the complexity of the case is such that a jury will be unable to distinguish one defendant from another and "guilt by association" is threatened; that there may be confessions or admissions of co-defendants; that only by severance is Gugliaro's right to call co-defendants as witnesses protected; and finally, that the cost of a long trial is burdensome.

As noted above, this case is not so complex as to suggest that the jury will be unable to distinguish evidence as against individual defendants. It is difficult to fathom why the mere existence (if any) of confessions by co-defendants would be a ground for severance; and, of course, all defendants are protected from the use of confessions of co-defendants by the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

■ To prevail in his contention that severance is necessary so that he may call a co-defendant as a witness, Gugliaro must make some showing that the co-defendant would testify in exculpation. 8 Moore's Fed. Practice ¶ 14.04 [4] (1970 Ed.). None has been made here, and the speculation that Gugliaro *may* wish to call a co-defendant who may or may not choose to rely on Fifth Amendment rights (even if called in a separate trial), and may or may not have anything to say which might be exculpatory for Gugliaro, is too remote to permit the granting of a severance at this point. See United States v. Berman, 24 F.R.D. 26, 28–29 (S.D.N.Y.1959).

■ Gugliaro's further contention that the trial will be lengthy and hence costly to him is not in itself sufficient basis for a severance. In any event, the government observes that it would have to adduce much the same evidence against Gugliaro or any single defendant as is necessary for the trial of all together. In the balance between "economy of judicial manpower and the prompt trial of those accused," the scales here weigh in favor of denying defendant's motion. United States v. Kahaner, 203 F.Supp. 78, 80–81 (S.D.N.Y.1962).

Defendant Tramunti argues that pretrial publicity as to other defendants is prejudicial to him, and that he will be prejudiced by trial with the other defendants because "of the nature of the charges in this case and the employments and occupations of some of the other defendants" which Tramunti apparently fears would reflect badly upon him, given his "being engaged in the securities business." (Notice of Tramunti, filed February 26, 1971). No additional facts are put forth by Tramunti, but his application takes on additional meaning from the motion of defendant Hellerman, who also moves for a severance because of the publicity and attention allegedly paid by the media to the involvement of "supposedly well-known 'Mafia figures.'" (Affidavit of Morris Winter, sworn to February 12, 1971). Hellerman adds the further ground that his right to a fair trial is prejudiced because he was the only defendant arrested rather than being given an opportunity to surrender, and because he was linked by adverse publicity to "allegedly notorious figures."

■ As to both Tramunti and Hellerman, no showing has been made that the publicity attending the filing of the indictment and pleas in this case was so extensive or damaging as to give rise to any prejudice. Defendants have not pointed to a single article or news item to support their allegations. In the several months since the indictment was filed, whatever impact any publicity may have had has been diluted and will be further diminished in the three months remaining until trial. The fact that Hellerman may have been the only defendant arrested appears immaterial as to the issue of severance.

Tramunti's additional application for partial severance on the ground that the

counts of the indictment are multiplicious is denied. As stated below, the counts are not found to be multiplicitous; but, in any event, there is no showing as to why multiplicity would be a ground for severance here.

The final motion for severance is made by defendant Frank. He argues that his personal background as an attorney is clear of criminal conduct, that he is charged not with fraud but only with the sale of unregistered securities, that the length and expense of the joint trial will work an undue hardship on him, that he is willing to stipulate to many facts, that the evidence for any trial against him will necessarily be in Florida, that his interests are adverse to those of other defendants and he may well wish to call other defendants to testify or comment on their unwillingness to testify in summation, and that evidence will adversely reflect upon him even though admitted against other defendants only with limiting instructions.

■ However well argued Frank's contentions may be, they are not sufficient at this time to warrant severance. The government closely contests Frank's version of the facts and rejects his offer to stipulate, observing that Frank is alleged to be a part of the conspiracy and not merely a seller of unregistered securities. As with Gugliaro, Frank does not know that he will have to call other defendants or that they will contest his version of the facts, specifically his contention that the only co-defendant he ever knew before indictment was Hellerman. If, at trial, Frank has more compelling grounds for this motion, he may renew it; at this point the considerations urged by him are insufficient to warrant a severance.

Based upon the above considerations, the motions for severance are dismissed at this time. We are mindful of our "continuing duty at all stages of the trial to grant a severance if prejudice does appear." Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960). For the moment, we hold that the moving defendants have failed to establish prejudice of such weight as to support severance now.

### MOTIONS FOR BILLS OF PARTICULARS

Numerous requests for bills of particulars in the several motions made pursuant to Rule 7(f), F.R.Cr.P., are presented. Although the government has consented to many, a number remain contested.

■ The purpose of Rule 7(f) is "to enable the accused to meet the charges presented against him" and accordingly the rule "should be liberally interpreted to carry out this purpose." United States v. O'Connor, 237 F.2d 466, 476 (2d Cir. 1956). Further, as stated in the notes of the Advisory Committee, the 1966 amendments to Rule 7 were intended "to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." See also 8 Moore's Fed. Practice ¶ 7.06 [1] and [2] (1970 Ed). Criteria for the application of Rule 7 in fraud cases have been collated in United States v. Crisona, supra, 271 F. Supp. at 155–156. At the outset it should be recalled that the proper office of a bill of particulars is not discovery of the government's evidence or legal theory, but to achieve a meaningful clarification of the indictment. See United States v. Louis Carreau, Inc., 42 F.R.D. 408, 411 (S.D.N.Y.1967); United States v. Klein, 124 F.Supp. 476, 479 (S.D.N.Y.1954). As to conspiracy indictments, see United States v. Simon, 30 F.R.D. 53 (S.D.N.Y.1962).

Applying the relevant principles of law outlined in these authorities to the instant contested requests for particulars the following decisions are made considering each defendant's application separately, after reviewing the common requests as to informants.

a. *Motions for Disclosure of Government Informants*

Defendants Dioguardi and Gugliaro move for identification of any govern-

ment informers among the co-defendants or co-conspirators. Defendants Fusco, Savino, Burke and Bonodono ask disclosure of whether any informants supplied evidence which they might then move to suppress (request (g), p. 15, and the application at p. 16 under the authority of the Fourth, Fifth and Sixth Amendments to the Constitution).

Guidance for the determination of these motions comes specifically from Roviaro v. United States, 353 U.S. 53, 58–62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and United States v. Russ, 362 F.2d 843, 844–846 (2d Cir. 1966). Roviaro instructs that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [to withhold disclosure] must give way." *Id.*, 353 U.S. at 60–61, 77 S.Ct. at 628. Here, however, no defendant has made any specific showing as to how either the identity of the informers or the content of their information may be relevant to his defense. In balancing the policy of the privilege against the failure of defendants to show any need for disclosure, the applications are denied without prejudice to renewal if adequately supported.

b. *Requests of Dioguardi*

In addition to the requests consented to, the government shall afford movant an opportunity to copy at his own expense the names of the firms which "entered" the pink sheets referred to in paragraph 8(f) of the indictment. As to request 14, the government shall provide the names of persons to whom false representations were made, but need not disclose the dates and places. United States v. Crisona, supra, 271 F.Supp. at 156.

The balance of those particulars which have not been withdrawn are denied as seeking evidence, the theory of the government's case, or the names or statements of informants as discussed above.

c. *Requests of Tramunti*

Beyond what the government has consented to, it shall provide the same information as to paragraph 8(s) as ordered above in Dioguardi's request 14. The other requests are denied as improperly seeking the government's evidence. United States v. Lieberman, 15 F.R.D. 278, 281–282 (S.D.N.Y.1953).

d. *Requests of Gugliaro*

Beyond the fourteen requests the government consents to, it shall provide the information sought in request (g) (additional overt acts), request (i) (names of any other co-conspirators not named in the indictment but not addresses), and request (r) (to the extent that Dioguardi's request has been granted as to paragraph 8(s)). The balance of the requests not consented to are denied because they seek evidence, the names or statements of government informers, or government researchers and agents (whose work product is undiscoverable under Rule 16(b)).

e. *Requests of Lombardo*

The requests are granted to the extent that they are consented to by the government (including request (h)). Requests (e) and (f) are denied as seeking the government's evidence.

f. *Requests of Fusco, Savino, Burke and Bonodono*

In addition to the requests consented to, the government shall supply the information sought in request (h) (other overt acts). The balance of the requests are denied as seeking evidence or the theory of the government's case, or as making improper inquiry into the grand jury proceedings.

g. *Requests of Hellerman*

Movants' requests are granted only to the extent consented to by the government. The remaining requests are denied as seeking the government's evidence, theory, or inquiring into the grand jury process.

#### h. *Requests of Goodman, Alpert and Weiss*

Extraordinarily extensive requests have been made by these defendants. The government has consented to many of them and they are accordingly granted. Of the balance, request 8.F. shall be granted to the extent the same information is to be furnished under Dioguardi's request as to paragraph 8(f) of the indictment. Request 9(a) shall be granted to the extent the government has been ordered above to supply additional overt acts. The remaining requests seek the government's evidence or the theory of its case, and are accordingly denied.

#### i. *Requests of Frank*

All but request (f), to which the government consents, seek the government's legal theory and are accordingly denied.

■ The government has informed the court that counsel for Tramunti and Frank have failed to comply with the conference provisions of Local Criminal Rule 3(h) of this Court. Additionally, none of the defendants has filed the affidavit required by this Rule. No excuse by counsel has been provided for their failure to consult with the government or file the appropriate affidavits before disposition of the pretrial motions, both the ones just considered under Rule 7(f) and those treated below under Rule 16. The government, nonetheless, has elected to express its consent to certain of the particulars sought, and accordingly a meeting at this time would be of little value. Disregard of Local Rules is not to be taken lightly, and counsel are admonished that as this case advances they will be held closely accountable for full compliance with those Rules, as with the Rules of Federal Criminal Procedure. Before the defendants will be provided with the material ordered under Rules 7(f) and 16, their counsel shall file with this court affidavits as required under Local Criminal Rule 3(h) setting forth the reasons why full compliance was not possible.

### MOTIONS FOR DISCOVERY

#### (a) *Brady v. Maryland requests*

Before turning to the several Rule 16 requests, consideration must be given to the requests by Fusco, Savino, Burke, Bonodono and Gugliaro that the government produce all evidence exculpatory or favorable to them. These requests are denied at this time. Movants rely upon Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to support their application, and urge that if forced to await trial before seeing this evidence it will be too late for them to effectively use the information in their defense.

■ Movants' position is without merit. Brady v. Maryland, supra, did not create pretrial remedies, and if at any time the government is obliged to furnish evidence to defendants under the *Brady* rule, the defendants will be accorded sufficient time to make use of the materials in their defense. United States v. Evanchik, 413 F.2d 950 (2d Cir. 1969); United States v. Armantrout, 278 F.Supp. 517 (S.D.N.Y.1968), aff'd 411 F.2d 60 (2d Cir. 1969).

#### (b) *Rule 16 requests*

■ Extensive motions for discovery and inspection have been made pursuant to Rule 16, F.R.Cr.P. The government has consented in whole or in part to some 38 of the requests; the remaining contested requests are disposed of here. The test under Rule 16(a), as to requests for a defendant's own statements, own transcribed grand jury testimony, or reports of examinations of the given defendant, is one of relevancy. Such materials should be routinely given unless the government demonstrates some particular and substantial reason why discovery should be prevented, and shows that Rule 16(e)'s provision for protective orders would not afford safeguards.

■ The range of materials sought under Rule 16(b) is governed by a different test, one of materiality and reasonableness. United States v. Jordan, 399 F.2d 610, 615 (2d Cir. 1968), cert. den.

393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 469 (1968); 8 Moore's Fed. Practice ¶ 16.03 [1] (1970 Ed.). Under Rule 16 (b), in appropriate circumstances where the material sought is in the government's possession and is difficult to identify with specificity, "strict compliance with the materiality and reasonableness requirements should be excused." 8 Moore's Fed. Practice ¶ 1605 [4] (1970 Ed.) Moreover, reasonableness and materiality may appear on the face of the request itself, without necessity for independent support.

The government shall provide those requests to which it has consented. Any written statements of a defendant in the government's possession shall be made available, but only to the defendant who made the statement. Material from all other requests consented to by the government or granted by this memorandum shall be provided equally for all defendants.

■■■ Although the government objects to the discovery of pre-indictment statements (except apparently in the cases of Goodman, Alpert and Weiss (request 7)), there is no doubt that the court may in its discretion require the furnishing of such statements to the respective defendants who made them. Various views exist, even within this Court, as to the extent to which and the conditions under which the government ought to be required to furnish such statements. See, for example, United States v. Leighton, 265 F.Supp. 27 (S.D.N.Y.1967); United States v. Crisona, 271 F.Supp. 150, 157–158 (S.D.N.Y.1967); United States v. Aadal, 280 F.Supp. 859, 861–862 (S.D. N.Y.1967); and United States v. Projansky, 44 F.R.D. 550 (S.D.N.Y.1968). All of these opinions postdate the 1966 amendments to the Rule and give substantial consideration to the purpose of those amendments. In United States v. Leighton, supra, 265 F.Supp. at 34, Judge Tenney ruled that "the time of the statement is not the important element; rather, the relevancy of any statement and the showing of some need by a defend-

ant should be the determining factors." I am persuaded of the soundness of this view.

■■■ Since the present moving papers do not establish the relevancy of the statements which the government objects to furnishing or include a showing of the defendants' need for the statements, the motions as to those statements are presently denied. However, defendants shall have 10 days from the date of this order in which to submit affidavits setting forth the relevancy and need of the statements, and the government may answer the affidavits within five days thereafter. In its answer the government shall state why it has raised objections to furnishing the pre-indictment statements of some defendants but not of others. Further consideration of the question will be made upon receipt of such papers.

(1) *Requests of Dioguardi*: The requests are granted except that as to request (c) (2) the government may seek a protective order under Rule 16(e) limiting the scope of the discovery sought.

■■■ (2) *Requests of Tramunti*: Request 2 for defendant's statements under Rule 16(a) is granted to the extent consented to, and conditionally denied as to pre-indictment statements as set forth above. Request 4 for any materials taken from the co-defendants or co-conspirators which may be "material and necessary to the defense" is too broadly stated to permit meaningful relief under Rule 16 (b). Absent greater specificity or a fuller showing of materiality this request is denied. United States v. McCarthy, 292 F.Supp. 937, 942 (S.D.N.Y.1968).

■■■ (3) *Requests of Gugliaro*: Request (c) is granted only to the extent that the statements are written. Rule 16 does not contemplate discovery of oral and unrecorded statements. Request (d) (statements of co-defendants) is denied. United States v. Edwards, 42 F.R.D. 605, 606–607 (S.D.N.Y.1967). Request (e) is denied except as to materials taken from defendant Gugliaro himself,

**18**

no showing of materiality having been made as to the request for information taken from other defendants. Request (f) (all documents obtained from any person), request (h) (government press releases) and request (i) (government transcripts of press conferences) are denied for lack of any showing of materiality or reasonableness.

■ (4) *Requests of Lombardo*: Request 2 is granted to the extent consented to, and conditionally denied as to pre-indictment statements as set forth above. Request 3, for all reports "which may have a bearing on this case," is denied for failure to show specific materiality or necessity.

■■ (5) *Requests of Fusco, Savino, Burke and Bonodono*: These defendants seek a protective order under Rule 16(e) that the material discoverable as a result of their own motions be available only to them, and that the government not observe their examination of the materials inspected. The government has indicated that discovery of each defendant's own statements will be permitted only by the respective defendant. The movants have shown no good cause why the balance of discovery should be limited, and accordingly, as in the case of other requests under Rule 16, the material made available to one defendant shall be available to all. The further application to bar the government from the room during inspection is denied at this time; once the government has made what it deems sufficient arrangements for the discovery process, the parties may return for any orders necessary under Rule 16(e).

As to specific requests for discovery, item 3 is denied since Rule 16(b) specifically excludes government reports from discovery. Inasmuch as the government has consented to provide all recordings of any of defendants' conversations in its possession as a result of electronic eavesdropping (request 4), the granting of request 5 (all tapes of any defendant's telephone conversations), request

6 (memoranda with respect to the tapes in requests 4 and 5), request 7 (a sample of each device used for tapes in requests 4 and 5), request 8 (all documents pertaining to the uses of those devices), and request 9 (all orders authorizing the use of the documents) may be unnecessary. Until the government has actually provided the statements under request 4 and the defendants have reviewed that material, materiality and reasonableness of the other requests relating to each defendant cannot be determined and accordingly the motions are denied without prejudice to their renewal. Insofar as they relate to conversations of other defendants, they are improper and denied.

■ Request 19, for all police reports relating to the indictment, is unsupported by a showing of materiality or reasonableness and is denied. Request 21 for the conviction records of witnesses and co-defendants is unsupported by a showing of materiality or reasonableness. It is improper insofar as it seeks to determine the identity of the government's witnesses, and is accordingly denied. United States v. Cobb, 271 F.Supp. 159, 162 (S.D.N.Y.1967).

■ (6) *Requests of Hellerman*: Request B that the government produce a list of its witnesses and synopses of their testimony is denied. Rule 16(b) does not provide for discovery of this material. Its delivery is governed by the "Jencks Act," 18 U.S.C. § 3500. United States v. Birrell, 276 F.Supp. 798, 825 (S.D.N.Y.1967). Witnesses need not be disclosed before trial. United States v. Manhattan Brush Co., 38 F.R.D. 4, 7 (S.D.N.Y.1965). Request C to inspect "all * * * documents * * * relative to the indictment" and which "may affect the defendant" is denied for overbreadth and without prejudice to renewal upon reasonable specification.

■ (7) *Requests of Taylor*: The broad request for all communications related to the means set forth for implementing the conspiracy in count one (paragraph 8) of the indictment (request I) is unsupported by any showing

of materiality or reasonableness and is denied. Insofar as it seeks oral statements it is outside the scope of Rule 16 in any event. Request II seeking inspection of documents relative to the indictment is denied without prejudice to renewal upon reasonable specification, but is granted as to the overt acts of defendant Taylor subject to the government's right to seek a protective order.

▮ (8) *Requests of Goodman, Alpert and Weiss*: Request 1 is granted subject to the government's right to seek a protective order limiting the scope of discovery under Rule 16(e). Requests 4(d), (e) and (f) are granted to the extent that the information sought is related to the accounts opened by the individual defendants identified in requests 4(a), (b) and (c) which have been consented to by the government. Request 7 is granted only as to the statements of the defendants here, and is denied as to the statements of all other persons named in the indictment. *Cf.* United States v. Edwards, supra, 42 F.R.D. at 606. Request 9 is granted insofar as it requests the records of these movants only, and is denied as to the records of other co-defendants. Request 10 seeks any document prepared by or on behalf of or on instruction of any of the defendants, or as a result of information furnished by any of them which the government will claim at trial was false, fraudulent or misleading, or concealed or omitted to disclose material facts. The material requested here may be analogized to a statement made by a defendant. Pursuing the analogy, the request is denied insofar as it applies to any document or material prepared by anyone other than the moving defendant himself. However, the government opposes furnishing the material even to the defendant who may have prepared it, claiming that the motion does not specify with particularity the documents sought. This contention is misplaced, since it does not appear possible for defendants to predict what documents the government will claim to be false. Accordingly the request is granted to the extent of re-

quiring the government to furnish to Goodman, Alpert and Weiss any document described in request 10 prepared, etc. by that defendant. 8 Moore's Fed. Practice ¶ 16.05 [4] (1970 Ed.); United States v. Tanner, 279 F.Supp. 457, 470–471 (N.D.Ill.1967).

Request 12 is denied. Movants make no showing of materiality or reasonableness, nor is it clear that the information sought is within the possession of the government. In any event, the information is probably available to the defendants directly from other sources by subpoena under Rule 17.

▮ (9) *Requests of Frank:* Request B.12(a) is granted to the extent consented to and conditionally denied as to preindictment statements as set forth above. Request C.13(e) is unsupported by any showing of materiality or reasonableness and is denied. Request C.14, seeking the prior criminal records of each co-conspirator, is not supported by a showing of materiality or reasonableness, and improperly seeks the identity of prospective government witnesses. United States v. Cobb, supra. However, "for purposes of cross-examining a witness at trial, it may well become relevant to inquire into his possible criminal background." United States v. Johnson, 298 F.Supp. 58, 65 (N.D.Ill.1969). Under the rationale of Brady v. Maryland, supra, the government would *then* be obligated to provide the witness's criminal record known to it.

> "No exception need be made where the movant believes they [materials sought for inspection] may support a possible motion for a severance under Rule 14, F.R.Crim.P., since the latter rule expressly provides that on a motion for severance, the court may direct the prosecutor to furnish it for *in camera* inspection with any statements of co-defendants which the Government intends to use at trial." United States v. Edwards, supra, 42 F.R.D. at 607.

Accordingly, request C.14 is denied except that the government shall provide

Frank with a copy of his own conviction record, if any.

Frank's request 15 is outside the scope of Rule 16(b) insofar as it seeks the government's investigation reports. To the extent that it relies on Bruton v. United States, supra, it is premature as discussed above. To the extent that it makes demands related to grand jury proceedings it is discussed below. Finally, where it requests discovery of statements "by any other person" it is so broad as to be unsupported by a showing of either materiality or reasonableness.

Subject to compliance with Local Criminal Rule 3(h), as discussed above, the Rule 16 requests granted above or consented to by the government shall be provided.

## MOTIONS REGARDING THE GRAND JURY PROCEEDINGS

Hellerman has moved to dismiss the indictment in that the panel from which the grand jury was selected allegedly did not "properly represent a true cross-section of the population of the said Southern District of New York." He further seeks inspection of the procedures of the grand jury and the names of the panel. The only support for his motion consists of counsel's affidavit that "[s]uffice it to say that the percentage of black persons, persons of Puerto Rican origin and descent, and of other minority groups, do not seem on the surface to be adequately represented in the panel of Grand Jurors." (Affidavit of Morris Winter, sworn to February 12, 1971).

Fusco, Savino, Burke and Bonodono have made a series of requests in their application under Rule 7(f) for particulars regarding the manner in which this case was presented to the grand jury (requests bb-hh).

Tramunti, Gugliaro and Lombardo, variously citing Rules 6(e), 12(b)(4) and 16(e) (sic), have sought inspection of all or part of the grand jury minutes, and of all the proceedings before the grand jury. Tramunti seeks an evidentiary hearing regarding any allegedly illegal grand jury proceedings.

Fusco, Savino, Burke, Bonodono, Goodman, Alpert and Weiss all seek inspection of their own grand jury testimony.

The government has consented to permit each defendant to examine his own testimony before the grand jury. Requests such as the application of Frank to copy the statements of any other person before the grand jury under the authority of Bruton v. United States, supra, are denied, as are the requests for examination of the grand jury testimony of other defendants.

■ The requests to inspect the grand jury minutes, obtain the names of grand jurors, and inspect all the grand jury proceedings are denied. United States v. Cummings, 49 F.R.D. 160, 161 (S.D.N.Y.1969). Movants have not shown any "particularized need, or a gross and prejudicial irregularity influencing the grand jury, or some similar compelling reason" (*Id.*) for the granting of these requests. No basis for holding an evidentiary hearing has been adduced, and Tramunti's application for such is denied.

■ The motion by Hellerman to dismiss the indictment on the unsupported allegations regarding the composition of the grand jury panel must be denied. Grand jury selection in this District has been reviewed and held to be not discriminatory in the ways alleged here. United States v. Greenberg, 200 F.Supp. 382 (S.D.N.Y.1961). Movant has failed to meet his burden of showing that the method of grand jury selection is not reasonably designed to assure a representation of a fair cross-section of the community. See United States v. Agueci, 310 F.2d 817, 833–834 (2d Cir. 1962), cert. den. sub nom. Guippone v. United States, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963); United States v. Kelly, 349 F.2d 720, 777–779 (2d Cir. 1965), cert. den. 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed 544 (1966). Furthermore, Hellerman has failed to demon-

strate how he would be prejudiced by the under-representation of the minority groups to which he refers, even if such under-representation existed.

## ALLEGED MULTIPLICITY OF THE COUNTS

Defendant Aloi moves to consolidate counts three to eleven with count two on the ground that they they are multiplicitous, and further, that the present counts three through eleven be dismissed once consolidation is effected. Defendant Tramunti moves under Rule 12(b)(4) to require that the government elect which of counts twelve through twenty-seven or counts fifty-seven through seventy-two it will prosecute, or, in the alternative, to dismiss either set of the counts, or to sever defendant Tramunti from one set or the other pursuant to Rule 14. Defendants Goodman, Alpert and Weiss move under Rule 12 to dismiss counts two through twenty-seven and fifty-seven through seventy-two on the ground that they are multiplicitous.

Counts two through eleven allege 10 separate mailings of confirmations of sales of Imperial stock in violation of 15 U.S.C. § 77q(a) and § 77x and 18 U.S.C. § 2. Counts twelve through twenty-seven allege 16 mailings of confirmations of sales of Imperial stock in violation of 15 U.S.C. § 78j(b) and § 78ff and 18 U.S.C. § 2. Counts fifty-seven through seventy-two set forth the same 16 mailings and allege violations of 18 U.S.C. §§ 1341 and 2.

The government concedes that several cases, including those relied upon by the movants, have granted defense motions to dismiss multiple counts as duplicitous, consolidating the duplicitous counts with another separately alleged count and dismissing what remained. United States v. Cashin, 281 F.2d 669 (2d Cir. 1960); United States v. Greenberg, 30 F.R.D. 164 (S.D.N.Y.1962); United States v. Hughes, 195 F.Supp. 795 (S.D.N.Y.1961). The government argues that these cases are not controlling here, citing United States v. Birrell, 266 F.Supp. 539 (S.D.

N.Y.1967), where the court reviewed defendants' cases and the cases since 1962 and held that the government is entitled to an opportunity to prove the separate elements of each of the crimes alleged.

Controlling here, as in United States v. Birrell, supra, is the decision of the present Chief Judge of the Second Circuit in United States v. Ketchum, 320 F.2d 3, 8 (1963), cert. den. 375 U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145 (1963). The Circuit Court's opinion cited United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 225, 73 S.Ct. 227, 97 L.Ed. 260 (1952), and its observation that "by an indictment of multiple counts the prosecutor gives the necessary notice and does not do the less so because at the conclusion of the Government's case the defendant may insist that all the counts are merely variants of a single offense."

■ The indictment here is not so prolix as to have a prejudicial effect upon the jury. Nor are the multiple counts a guarantee of multiple sentences which could only be avoided by requiring that the government elect one set or another. Whether the counts are multiplicitous or not must await presentation of the government's case. As was said in United States v. Birrell, supra, 266 F.Supp. at 545:

"If the evidence should portray such an amalgam of evidence—making it difficult to discern separate patterns of the defendant's conduct qualifying as distinct units of prosecution—the Court would necessarily resolve the doubt as to the existence of multiple offenses, as distinguished from a single offense, in favor of the accused. Criminal statutes must be construed narrowly; crimes may not be created by inference. * * * But the time to decide that question of duplicity is at the trial upon the basis of evidence, not now solely on the basis of the indictment."

■ Applying these considerations to the instant motions specifically, the basis for consolidation is not so clear on the face of the indictment as to jus-

**22**

tify granting defendants' motions. Counts two through eleven allege the three separate elements of 15 U.S.C. § 77q(a) and, while each part is so similar as to make distinct proof of each a difficult undertaking, the government is entitled to an opportunity to meet its burden. Accordingly, Aloi's motion as to these counts is dismissed at this time.

■■■ The several motions addressed to counts twelve through twenty-seven and fifty-seven through seventy-two must also be denied at this time. As was said in United States v. Van Allen, 28 F.R.D. 329, 342 (S.D.N.Y.1961):

> "The same transaction may violate two distinct provisions of the same statute or different statutes and be punishable under both as separate substantive crimes. Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405. * * *"

The test of "whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Here, counts twelve through twenty-seven allege violation of 15 U.S.C. § 78j(b), which entails deception in the purchase or sale of securities through the use of the mails. Counts fifty-seven through seventy-two allege violations of 18 U.S.C. § 1341, which provides that use of the mails for any scheme to defraud or to obtain money or property by false pretenses or to sell or procure a security for unlawful use is a violation. There are, therefore, elements of proof required under 18 U.S.C. § 1341 distinct and beyond those of 15 U.S.C. § 78j(b). Consolidation of the two series of counts is accordingly denied at this point, without prejudice to renewal at trial.

## MISCELLANEOUS MOTIONS

a. *Aloi's Application to Extend Bail limits:*

■■■ Defendant has provided no specifics as to how often he must leave the present bail limits, where he must go

specifically, and other necessary considerations. He sets forth only in the broadest of terms his personal and business reasons for wishing the limits extended. The government opposes this broad application, but indicates that "when he has provided the Government with the specifics of a proposed trip the Government has consented" in the past and will likely do so again. When and if Aloi needs to leave the present bail limits he may make application therefor. The present motion is denied.

b. *Fusco, Savino, Burke and Bonodono Motion to Suppress Statements of co-defendants*

These movants seek inspection of any statements made by them which the government will offer in evidence, and seek an order suppressing any such statements or, alternatively, a hearing "to determine the Constitutional propriety of such statements pursuant to Miranda v. Arizona, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966) and other related cases." The government opposes this motion and states that it "does not intend to introduce into evidence on its direct case any post-conspiratorial statements of the defendants to a Government agent." (Government Memorandum of Law at 97). It opposes discovery of any statements made in the course of and in furtherance of the conspiracy which it argues are not discoverable except as provided under the "Jencks Act."

■■■ Movants have produced no evidence or offer of evidence that any statements may have been improperly taken in contravention of *Miranda*. Further, each defendant may only challenge the use of his own statements, and as soon as these are provided by the government to him if he knows of any circumstances which would require a hearing under *Miranda* he may make his application at that time. Accordingly the motion is denied at the present time, without prejudice to renewal upon an adequate showing.

### c. *Dioguardi's Motion to Strike*

This defendant moves to strike the words "sit downs" from the indictment ("Defendants * * * would and did call and hold 'sit downs' to organize the distribution of Imperial, to resolve disputes between the defendants * * * and to decide upon the distribution of the proceeds"). Dioguardi argues that these words are "inflammatory and prejudicial surplusage." Here the movant has failed to show that these words are either immaterial, irrelevant, or apt to convey prejudicial or inadmissible material to the jury when the indictment is read. Accordingly the motion is denied. United States v. Chas. Pfizer & Co., 217 F.Supp. 199, 201 (S.D.N.Y. 1963).

### CONCLUSION

The motions are granted to the extent specified above or consented to by the government and are otherwise denied.

It is so ordered.