See, also, D.C., 378 F.Supp. 516.

**UNITED STATES of America**

v.

**Thomas Michael GOLON.**

**Crim. No. 73-345-C.**

United States District Court,
D. Massachusetts.

June 20, 1974.

**514**

James N. Gabriel, U. S. Atty., Robert B. Collings, Asst. U. S. Atty., for plaintiff.

Norman S. Zalkind, Boston, Mass., for defendant.

## MEMORANDUM and ORDER

CAFFREY, Chief Judge.

This matter came before the Court on the basis of defendant's motion to dismiss indictment and on defendant's objections to certain recommendations of the Magistrate relative to defendant's motion for discovery. The matter was argued and briefed by counsel.

Defendant was indicted on December 19, 1973, in a one-count indictment charging him with unlawfully, knowingly, and wilfully failing and neglecting to perform a duty required of him under the Selective Service Act of 1967, i.e., performing civilian work contributing to the national health, safety and interest. Defendant was ordered to perform this work for a period of 24 consecutive months beginning December 14, 1970, by an order of his Local Board which had previously classified him 1–O (Conscientious Objector). The indictment alleges that defendant began this work on December 14, 1970 and unlawfully terminated said work on April 3, 1971.

*With Regard to the Motion to Dismiss*

■ The motion to dismiss indictment is premised on claims by defendant (1) that the time spent by the grand jury was so short as to make impossible meaningful examination of evidence or deliberation by the grand jurors, and (2) that there was a delay of over two and one-half years from the date of the offense to the date the indictment was returned. I am satisfied that the affidavit of the Assistant United States Attorney assigned to this case, Robert B. Collings, Esq., which stands unopposed, disposes of the motion to dismiss indictment adversely to defendant.

*With Regard to the Motion for Discovery*

■ Defendant seeks primarily to overturn the recommendation of the Magistrate denying discovery of a por-

tion of defendant's 27 separate requests for discovery. In paragraph 4, defendant seeks an order allowing him to inspect the transcript of the grand jury proceedings which resulted in his indictment. He also seeks any introductory remarks made to the grand jury and any grand jury minutes covering the "package" of cases among which his case was presented. In paragraph 22 of his motion, defendant seeks leave to inspect all grand jury minutes of all cases presented to the Massachusetts grand jury for alleged violations of 50 App. § 462 during the months of November and December 1973. These requests are supported by the affidavit of Thomas G. Shapiro, Esq., counsel for defendant. In his affidavit, Mr. Shapiro seeks to bring this case within the ambit of United States v. Daneals, 370 F.Supp. 1289 (W.D.N.Y.1974). I am persuaded by the affidavit of Assistant U. S. Attorney Collings that the instant case is so substantially factually different from the situation which obtained in *Daneals* that on the basis of Mr. Collings' affidavit and the report of the Magistrate who examined the grand jury minutes *in camera*, the defendant is not entitled to discovery of the grand jury materials which he seeks herein. Accordingly, defendant's objections to the recommendations of the Magistrate are overruled.

It is well to recall herein the observation of the Court of Appeals for the Third Circuit in United States v. Budzanoski, 462 F.2d 443, 454 (3 Cir. 1972), cert. denied 409 U.S. 949, 93 S.Ct. 271, 34 L.Ed.2d 220:

"[T]here may be pre-trial discovery of the testimony of a witness when it relates to the dismissal of the indictment. . . . or upon a showing of substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury. . . . Further, mere speculation that such improprieties may have occurred will not suffice to support that required showing."

Accord, United States v. Howard, 433 F.2d 1, 2–3 (5 Cir. 1970); United States v. Ammons, 464 F.2d 414, 417–418 (8 Cir. 1972), cert. denied 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 253; United States v. Dioguardi, 332 F.Supp. 7, 20 (S.D.N.Y.1971).

I rule that in the instant case defendant has failed to demonstrate any substantial likelihood of impropriety in the grand jury proceedings. I further rule that the affidavit in support of defendant's motion does not allege facts but, on the contrary, consists merely of a speculation by counsel that there "may" have been some impropriety, and I rule that this speculation is disposed of by the ruling made by the Magistrate after he had actually examined the transcript of the grand jury proceedings. United States v. Callandra, 414 U.S. 338, 94 S. Ct. 613, 38 L.Ed.2d 561 (1974).

Defendant also sought herein copies of all documents and correspondence from January 1, 1970 to date in the possession of either national or Massachusetts Selective Service System headquarters, the Local Board, the Department of Justice, and the United States Attorney for this district. I accept the Magistrate's recommendation that an adequate response thereto was made by the United States Attorney in furnishing documentation which related to the defendant as distinguished from all other registrants.

Accordingly, I approve the Magistrate's recommendation that defendant's over-broad request for this voluminous documentation and correspondence be denied, on the grounds that it goes beyond the bounds of reasonableness and materiality within the meaning of Rule 16(b), Federal Rules of Criminal Procedure. See United States v. Conder, 423 F.2d 904, 910 (6 Cir. 1970), cert. denied 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267.

I likewise approve the Magistrate's recommendation with regard to paragraph 25 of defendant's motion seeking a list of all registrants who were classified 1–A by the Local Board as of December 1, 1970, on the grounds,

*inter alia,* that defendant was never classified 1–A and was never ordered to report for induction into the military service.

Accordingly, the defendant's objections to the Magistrate's recommendations are overruled *in toto.*

See also, D.C., 378 F.Supp. 513.